BERTHA L. BLANTON *vs.* THE WHEELER AND HOWES
  COMPANY ET ALS. (BERTHA L. BLANTON'S APPEAL
  FROM COMPENSATION COMMISSIONER).

Third Judicial District, Bridgeport, October Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Upon appeals from the finding and award of a Compensation Commis-
    sioner, reasons of appeal should be filed and answered forthwith,
    and if testimony is to be offered, a speedy hearing should be had;
    if no evidence is to be introduced by either party, a written motion
    for judgment should be placed upon the short calendar and
    heard.
A finding should state the facts and not excerpts of evidence from which
    the facts are to be found.
A finding that certain testimony is true does not establish the existence
    of the facts to which the testimony relates.
No one can be said to be a "dependent," within the meaning of our
    Compensation Act, who has sufficient means at hand for supplying
    present necessities rating them according to the alleged dependent's
    class and position in life.
In the present case the claimant, an only and married daughter, had
    received from her father, the injured and deceased employee, small
    sums of money varying from $2 to $5, every month or two for
    several years, and although she used these sums in her ordinary
    living expenses, there was no finding that she relied upon them
    for that purpose, nor that such expenses were necessary and proper
    for one in her class and station in life; moreover, the evidence
    touching this subject, as recited in the record, did not necessarily
    lead to the conclusions of fact omitted from the finding. *Held* that
    under these circumstances the claimant daughter might very prop-
    erly be refused compensation upon the ground that she was not
    a "dependent."
Dependency is to be determined in accordance with the facts as they
    exist at the time of the injury; and while it may not be necessary
    that the support should in all cases be continued to the very time
    of the injury, a protracted cessation—in this case six months—
    may, in connection with other circumstances, preclude a finding
    of dependency.
Mere ability to earn a livelihood is not necessarily inconsistent with
    dependency, nor is the fact that the aid or support comes from
    one who possesses less income than the recipient. The test is
    whether the latter relied upon the contributions for his or her living

expenses, wholly or partially, judging these by what would be reasonable for one in his or her class and position in life.

The State and not an unsuccessful claimant is the only one who can ask for an award of $750 to the State Treasurer under § 9 of Part B of the Compensation Act.

Argued October 31st—decided December 19th, 1916.

APPEAL by the claimant from a finding and award of the Compensation Commissioner of the third district, acting in this case as the commissioner for the fourth district, adjudging that the claimant was not a dependent of her father, the injured and deceased employee, taken to the Superior Court in Fairfield County where an oral motion to return the cause to the Compensation Commissioner with a direction to reverse the decision reached by him, was denied (*Case, J.*), and judgment was afterward rendered (*Gager, J.*) dismissing the appeal and confirming the action of the Compensation Commissioner, from which the claimant appealed. *No error.*

*James P. Pigott*, for the appellant (claimant).

*William BroSmith* and *Robert C. Dickenson*, for the appellees (respondents).

WHEELER, J.   The appeal from the Compensation Commissioner was heard in the Superior Court at short calendar on an oral motion that the finding and award be recommitted with direction either that compensation be awarded to the claimant or to the State Treasurer.

The motion should have been in writing.  Upon appeals of this nature it is preferable that reasons of appeal and an answer thereto be filed forthwith, and, if testimony is to be introduced upon the hearing, that the hearing be had speedily; if it appears that neither side

will produce evidence, a written motion for judgment for the short calendar should be filed and heard.

The questions upon this appeal are twofold: Did the Superior Court err in dismissing this appeal and in confirming the commissioner in holding that the claimant was not a dependent? Did the Superior Court, having confirmed the commissioner in his holding, err in not awarding $750 to the State Treasurer?

The claimant concedes that the question of dependency under the Compensation Act (Public Acts of 1913, Chap. 138) is one of fact. Her claim is that under the statutory definition of a dependent and the decision in *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 93 Atl. 245, the conclusion of the commissioner that the claimant was not a dependent of her father is contrary to the subordinate facts of the finding, and that these facts require the conclusion that she was a partial dependent.

The claimant was the only daughter of a Mr. Garner of Bridgeport, and his employer was one of the respondents, and both were within the Compensation Act. Mr. Garner suffered an injury arising out of and in the course of his employment with the respondent, from which he died on July 7th, 1914. Mr. Garner left a small amount of property. His weekly wage had been $11.88. The claimant had enjoyed good health for a long time preceding her father's decease. She lived with her husband in Scranton, Pennsylvania, and he earned $40 a month. She herself earned about $10 a month, and she and her husband made a small profit from taking lodgers.

Mr. Garner, at the time of his wife's death, thirty-five years before, had promised her that he would look out for their daughter, the claimant. He told the claimant from time to time he would take care of her, and if she needed a home she could come to him. For

a number of years he had sent her every month or two sums varying from $2 to $5. In the holiday season of 1913 he sent her $5, but sent her no money thereafter, writing her that if she would come to New Haven in May he would give her money. The claimant and her husband have no property, and no one dependent upon them, and live in a small house, paying $13 a month rent. The claimant used the moneys received by her from her father upon her ordinary living expenses.

The finding quotes part of the testimony of the claimant, in which she says she relied upon the support sent her by her father, and used it to help meet her different expenses, and the court finds this testimony to be true.

Accepting, in this branch of his argument, the test of dependency to be as announced in *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 152, 93 Atl. 245—"whether the contributions were relied upon by the dependent for his or her means of living, judging this by the class and position in life of the dependent"—counsel for the claimant insists that the subordinate facts require "a conclusion that claimant was a partial dependent of her father." Whether the claimant relied upon the contributions of her deceased father did not appear in the finding as originally made. All that appeared was that the moneys received were used by the claimant upon her ordinary living expenses.

Upon motion of claimant an amendment of the finding was made that "included in the testimony of the claimant were the following answers to questions as indicated, which testimony is found to be true." Then follows in some detail an excerpt from the testimony, a part of which was: "Q. You were asked if you relied upon the support which your father is supposed to have sent you, and you promptly answered yes? A.

Yes. . . . Q. Do you know the meaning of the word 'rely'? Will you please tell us? You have been asked if you relied upon the money which your father sent you, and you answered 'Yes,' now I want to know what the meaning of the word 'rely' is. A. Yes. Depend on. I always looked forward to what I got from him for certain expenses. Q. What expenses? A. I didn't always use it for just the same thing, but of course we had expenses and I always knew when we got that it would help out."

This excerpt has no place in the finding; that should contain the facts found by the court, not the evidence from which the facts are to be found. Finding that certain testimony is true is not the same thing as finding that some fact as testified to is true. Were we to consider these answers as the equivalent of each fact capable of being found from them, we should not inevitably be constrained to hold that the contributions were relied upon for the living expenses of the claimant. They may, so far as appears, have been used for expenses which were not properly in this class. Then, again, it does not appear in this testimony that the contributions were relied upon for living expenses which were necessary and proper for her class and station in life. They may have been neither necessary nor proper. We do not know, because the finding does not tell us. The finding does not disclose that these contributions affected her means of living, judging these by her class and station in life. Some of the facts found are inconsistent with the conclusions which must be found to meet this test. In the memorandum of decision, made a part of the finding, the trial court describes these contributions as mere offerings of affection, not as necessary and proper elements of support.

Dependency is to be determined "in accordance

with the fact as the fact may be at the time of the injury." *Mahoney* v. *Gamble-Desmond Co.*, 90 Conn. 255, 257, 96 Atl. 1025. The claimant had received no contributions from her father for six months prior to his death. During that time she had been supported wholly by the joint efforts of her husband and self. We do not intend to imply that dependency cannot exist unless support is continued to the very time of injury, but a cessation of support for so protracted a period as six months, under the conditions and circumstances of this case, would not justify a finding of dependency to exist; and if the testimony were considered as the equivalent of the facts which might be drawn from it, and these taken in connection with the rest of the finding, they would admit of the conclusion that the trial court might reasonably have found that the claimant was not a dependent.

The claimant treats our test, that the contributions must have been relied upon by the dependent for his or her living expenses, as equivalent to contributions used for the living expenses. Under this interpretation, a condition of dependency might exist although the dependent was possessed of large present means of providing for the living expenses.

The Compensation Act does not contemplate support for any save the dependent, and one cannot be said to be a dependent who has sufficient means at hand for supplying present necessities, judging these according to the class and position in life of the alleged dependent.

The test we have adopted regards the fact that what is a necessity for one may be a luxury for another. What may be ample support for one may be a bare and wretched existence for another. We apply the same principle as would be applied in determining what would, for example, be necessaries furnished a

minor. Each case is governed by ascertaining what, in the given circumstances, would be necessaries, having due regard for the class and position in life of the claimant. As the application of this principle excludes the case where support has been given those who have at hand the present means of supplying their living expenses in their class and station in life, so it excludes the restriction of support to provision for the bare wants of existence.

We agree with the claimant, that mere ability to earn a livelihood will not prevent one from becoming a dependent; and even though the person furnishing the support possess less income than the alleged dependent, this will not necessarily prevent the existence of a condition of dependency. An adult daughter, for example, entirely capable of earning her living, may be the dependent of a father in poor health and barely able to earn enough to support himself in reasonable comfort. The test is not what he possessed, not how great a sacrifice he made to aid his daughter, but rather whether she relied upon his contributions for her living expenses, wholly or partially, judging these by those which would be reasonable for one in her class and position in life. The test is not in a comparison between the relative ability of the contributor and the dependent, but in her reliance for her living expenses in whole or part.

The claimant further contends that dependency is not governed by the class and position in life of a claimant, and that so much of the test as makes the means of living dependent upon the class and position in life of the dependent is against authority and contrary to sound principle.

Lord Justice Collins first approved of the test we have adopted in *Simmons* v. *White Bros.*, L. R. (1899) 1 Q. B. 1005, 1 W. C. C. 89. It was later repudiated

in *Main Colliery Co.* v. *Davies,* L. R. (1900) App. Cas. 358, in an opinion by the Chancellor, Lord Halsbury, which seems to hold that no standard of living can be considered and hence no standard of dependency, but that each case is to be decided as a fact. If this doctrine be sound, it would follow that the mere use of the contributions, as Lord Shand points out, would be conclusive of dependency, irrespective of whether the alleged dependent was possessed of ample present means. We think Master of the Rolls Collins correctly diagnoses the later English decisions as negativing the existence of any standard of dependency, and we share his difficulty in applying this rule. *Howells* v. *Vivian & Sons,* 85 Law Times Rep. 529, 4 W. C. C. 106.

Whether or not one is a dependent depends, as we think, upon first ascertaining what a dependent is and then applying the facts at hand to the standard found. As well might we abolish the standard of contributory negligence as that of dependency. The claimant will not be benefited by the change in our test which counsel urges, unless it be held that the mere use of the contributions for living expenses by the claimant makes the claimant a dependent; and this doctrine we consider unfair to the employer.

We have before indicated our reasons for making the means of living dependent upon the class and position in life of a claimant. Our view finds support in *Dazy* v. *Apponaug Co.,* 36 R. I. 81, 85, 89 Atl. 160.

The trial court did not err, after finding claimant was not a dependent of her father, in failing to award the sum of $750 to the State Treasurer (Public Acts of 1913, Chap. 138, Part B, § 9). No such claim was made by any one in behalf of the State; indeed, at no stage of the case has the State been represented. And no appeal from the decision of the Compensation Commissioner, or that of the trial court, was taken by the

State. The State, and not the claimant, is the only party which could have made this claim, and, upon its overruling, which could have appealed to this court.

There is no error.

In this opinion the other judges concurred.