WILLIAM RAINEY *vs.* THE TUNNEL COAL COMPANY (THE TUNNEL COAL COMPANY'S APPEAL FROM COMPENSATION COMMISSIONER).

First Judicial District, Hartford, October Term, 1918.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and GAGER, JS.

Under the provisions of General Statutes, § 5347, the refusal of an injured employee to accept, or his failure to provide himself with, reasonable medical services, works a suspension of his right to compensation only during the period of such refusal or failure.

The Superior Court, upon appeal, cannot retry questions of fact heard and determined by the Compensation Commissioner; and therefore there is no occasion to certify the evidence to that court unless the reasons of appeal allege that specific findings of material facts were made without evidence, or that the Commissioner refused to find material facts which were admitted or undisputed.

An allegation that the evidence was insufficient to warrant the finding that the injury to the employee arose out of and in the course of his employment, and that he was incapacitated as a result of the injury,—does not present any assignable reason of appeal, but simply invites the Superior Court to ignore the Commissioner's

findings of subsidiary facts and retry the ultimate issues upon an independent examination of the evidence heard by the Commissioner; and this the court has no power to do.

If the ultimate conclusion reached by the Commissioner is claimed to be erroneous, its validity must be tested by the subordinate facts as found and set forth by him in his finding and award.

Argued October 4th—decided December 17th, 1918.

APPEAL by the defendant from a finding and award of the Compensation Commissioner of the third district acting for the Commissioner of the first district, in favor of the plaintiff, taken to and tried by the Superior Court in Hartford County, *Case, J.;* the court found error in the award and set it aside, and from this judgment the plaintiff appealed. *Error; appeal from Commissioner to be dismissed.*

The Commissioner found the following facts among others. On December 27th, 1917, the plaintiff, while employed in unloading bags of coal from the defendant's wagon, froze the fingers of both hands. He notified his employer the next morning, and was advised to consult a physician. The employer intended to indicate to the plaintiff that he should have medical attention at the expense of his employer; but the representative of the employer corporation, who talked with the plaintiff, did not express that intention, nor did he provide medical attention. The plaintiff did not consult any physician, and attempted to treat the fingers at home. About two weeks after the injury he did consult a physician and then received treatment at the Hartford Hospital. Had he received prompt medical attention the period of disability would have been considerably shortened. The Commissioner also found, as conclusions, that the plaintiff's conduct was not unreasonable, that the injury arose out of and in the course of his employment, and that as a result of the injury the plaintiff had been since January 6th,

1918, totally incapacitated and would continue to be incapacitated for several weeks. Compensation was awarded beginning January 13th, 1918. The Superior Court made no change in or addition to the Commissioner's findings of facts, but in its memorandum of decision directed that the award be set aside on the ground that the plaintiff's condition was due to his own neglect.

*William H. Macdonald*, for the appellant (plaintiff).

*Joseph Shelnitz*, for the appellee (defendant).

BEACH, J. The ruling of the Superior Court, that compensation should have been denied because the plaintiff's condition was due to his own neglect to accept or provide medical service until about two weeks after the injury, is erroneous, for the reason that the statute itself provides that the penalty for such neglect shall be a suspension of all right of compensation "during such refusal or failure." General Statutes, § 5347. Possibly an employee's refusal to accept or failure to provide medical treatment, might be carried to such an extent as to amount to wilful and serious misconduct, which, by analogy with § 5341, would justify a denial of any compensation whatever; but this is not such a case.

Since the compensation award began as of January 13th, 1918, more than two weeks after the injury, and therefore after the plaintiff first consulted a physician, the award would be unobjectionable, even if the appeal record were in such form as to make it possible for us to reject the Commissioner's conclusion that the plaintiff's conduct was reasonable and to adopt the contrary conclusion emphatically expressed in the memorandum of decision filed by the Superior Court.

It is apparent from the memorandum that the trial court reached its conclusion that the plaintiff's conduct was unreasonable and negligent, by independently weighing the evidence before the Commissioner, as contained in a certified transcript accompanying the appeal. We cannot follow the court into that field of inquiry, because the findings of subsidiary facts on which the Commissioner based his conclusion that the plaintiff's conduct was reasonable, stand uncorrected on the record. That being so, they furnish the only bases of facts for testing the correctness of his conclusions, either in the Superior Court or in this court; and so tested, his conclusion is unquestionably sound.

It may also be observed that there was no occasion for a certified transcript of the evidence on the appeal to the Superior Court, because none of the reasons of appeal asked for the correction of any specific finding of a subsidiary fact. The Superior Court may, by an order in the nature of writ of *certiorari*, require the whole or any part of the transcript of evidence to be certified up and make it a part of the appeal record, whenever it appears necessary to do so in order to protect the substantial rights of parties not represented by counsel, but ordinarily no part of the evidence before the Commissioner should be certified to the Superior Court unless the reasons of appeal ask for the correction or omission of some specific finding as to a subsidiary fact, or the addition of a material fact not found. The first and second reasons of appeal on this record, which allege that "the evidence was insufficient to warrant" the Commissioner in finding (a) that the injury arose out of and in the course of his employment, and (b) that as a result of the injury the claimant was incapacitated as found, do not present any assignable reasons of appeal. They simply invite the Superior Court to ignore the Commissioner's findings

of subsidiary facts and to retry the ultimate issues upon an independent examination of a transcript of the evidence before the Commissioner. We have repeatedly held that this cannot be done. "The court cannot review conclusions of facts made by a Commissioner which merely concern the weight of evidence and the credibility of witnesses." *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 153, 93 Atl. 245. "The Superior Court cannot on appeal retry the facts." *Kennerson* v. *Thames Towboat Co.*, 89 Conn. 367, 370, 94 Atl. 372. "The power of the Superior Court in the correction of a finding of the Compensation Commissioner is analogous to, and its method of correcting the finding similar to, the power and method of this court in correcting the findings of the Superior Court." *Thompson* v. *Twiss*, 90 Conn. 444, 446, 97 Atl. 328. "The trial court does not retry the facts. It decides the appeal upon the finding as made by the Commissioner, unless the appeal assigns, as error, the finding or omission to find any facts, and the court finds that facts have been found or omitted which, if found, in accordance with the evidence, would affect the result. The right of the trial court to correct the finding of the Commissioner is similar to that exercised by us upon a proper appeal over the finding of a trial court." *Swanson* v. *Latham*, 92 Conn. 87, 90, 101 Atl. 492. The reference in *Blanton* v. *Wheeler & Howes Co.*, 91 Conn. 226, 99 Atl. 494, to the introduction of evidence in the Superior Court, must be understood as restricted to evidence offered for the purpose of correcting the appeal record so as to make it present the questions which the appellant desires to have reviewed by the Superior Court.

There is error, and the cause is remanded with direction to enter a judgment dismissing the appeal.

In this opinion the other judges concurred.