JOHN NATHAN ATWOOD *vs.* THE CONNECTICUT LIGHT
AND POWER COMPANY.

Third Judicial District, Bridgeport, October Term, 1920.

WHEELER, C. J., BEACH, GAGER, CASE and CURTIS, Js.

A motion to correct the finding of a Compensation Commissioner, and to have the evidence taken before him certified and made part of the record, should be addressed by the appellant to him and not to the Superior Court.

Such application for correction should be made within two weeks after the filing of the appeal—unless the time therefor be otherwise fixed by rule or statute, or extended by the Commissioner for cause shown,—and a transcript of such portions of the evidence as are relevant and material to the several corrections asked for must be filed with the application, or as soon thereafter as such transcript can be obtained.

The appellee may file a further transcript of such additional evidence as is claimed by him to be relevant and material to the corrections asked for, within one week after the appellant has filed his transcript, or as soon thereafter as such further transcript can be obtained.

The motions above referred to, with the decision of the Commissioner thereon, should be filed by him with the Superior Court within a reasonable time; and if the motions are denied in whole or in part, and such denial be made a ground of appeal, he should within a reasonable time thereafter file with the Superior Court the transcript of evidence filed with him by the appellant, and by the appellee, if any, together with such additional evidence taken by or before him as he may deem relevant and material to the corrections sought.

The errors assigned in the appeal should be the finding or refusal to find the facts referred to in the motion for correction; and in passing upon these alleged errors, and for that limited purpose only, the Superior Court may examine the evidence certified to it by the Commissioner, but it cannot try ultimate issues of fact upon an independent examination of the evidence.

The Superior Court may require the whole or any part of the evidence to be certified, whenever it appears necessary to do so in order to protect the rights of parties not represented by counsel.

Upon the refusal of the Superior Court to correct the finding of facts as asked for, the appellant may incorporate such refusal in his assignment of errors, and this court will determine these assign-

Atwood *v.* Connecticut Light & Power Co.

ments upon the evidence certified to the Superior Court and made by it a part of the record on appeal to this court. In case the appellee desires the finding of the Commissioner or of the Superior Court to be corrected, he should proceed in like manner.

Under our Workmen's Compensation Act the question of dependency is one of fact; and unless the Commissioner has applied an illegal standard, or found a fact without evidence, this court cannot review his finding.

The test of dependency is whether the contributions made by the workman were relied upon by the recipient for his means of living according to his class and position in the community.

No one whose financial resources are sufficient to sustain himself and family in a manner befitting his class and position in life is entitled to be regarded as a dependent or partial dependent.

In the present case a father, whose earnings of $2,000 a year were sufficient for the living expenses of himself and family, received the wages of his minor son, amounting to $20 a week, and used them in augmenting a fund which in four months reached the sum of $900, and was then applied upon the purchase price of a house which the father had bought. *Held* that under these circumstances the father could not be said to be a "partial dependent" of the son within the meaning of the Compensation Act.

Reasonable and modest savings for the protection of the family against the contingencies of death, ill health, diminished earning power, or lack of work, may properly be regarded as legitimate family expenditures; but when the savings exceed these reasonable bounds and, as in this case, equal about one half the father's total earnings, they cannot be regarded as contributions to reasonable living expenses, but as aids to an investment.

Our Compensation Act never contemplated that contributions for an investment of substantial amount could be regarded as contributions for living expenses, and thus be made a basis of dependency.

Argued November 3d, 1920—decided January 26th, 1921.

APPEAL by the defendant from a finding and award of the Compensation Commissioner of the third district, while acting for and in place of the Commissioner of the fifth district, in favor of the plaintiff, taken to and tried by the Superior Court in New Haven County, *Webb, J.,* which confirmed the award of the Commissioner, and from this judgment the defendant appealed. *Error; award of Commissioner vacated.*

On November 19th, 1919, J. Vincent Atwood was,

and for twenty-six full calendar weeks prior thereto had been, in the employ of the defendant, and on said day received an injury arising out of and in the course of the employment, from which he died.

The decedent was the son of the plaintiff, eighteen years of age and unmarried, and left surviving him his father and a seventeen-year old sister, his mother having long since deceased. He had been working for about three years and had always turned his wages over to his father. For some months he had turned over his pay envelope to his father, who took therefrom $20 and handed him the balance for spending money and the purchase of clothing. In case the pay envelope did not contain $20, the father gave the son a few dollars for his own uses. The average amount of the decedent's earnings used by the plaintiff was $20 per week.

The plaintiff, at the time of the injury to decedent, was forty-two years of age, and a railroad engineer earning about $2,000 a year. His family consisted of his second wife, the decedent, a daughter, the sister of said decedent, and five children by the second wife between the ages of four and twelve, all living at home and nonwage-earning. The plaintiff had no property, with the exception of a house, in a portion of which he lived with his family and upon which he had paid $900. Neither his wife nor any other member of his family had property. From July 14th, 1919, the plaintiff used practically all of the decedent's $20 a week for the purpose of providing funds with which to make a payment upon the purchase price of said house, which was purchased on July 14th, 1919. The maintenance received by the decedent from his father in providing for him a home was worth $10 per week.

The commissioner found that the amounts so paid to plaintiff by decedent were relied upon by the former for his support, and were used by him for support proper

to his condition in life; and that the plaintiff was a partial dependent upon said decedent.

The defendant claimed that these amounts were used for investment and not for living expenses, and that the earnings of the plaintiff were sufficient to maintain life in a manner suited to his condition in life, with the result that the amounts so contributed by the decedent did not create a condition of partial dependency.

The commissioner overruled these claims and awarded to the plaintiff, on account of the death of his son, $12.03 per week for the period of three hundred and twelve weeks.

*William E. Thoms*, for appellant (defendant).

*Clayton L. Klein*, for the appellee (plaintiff).

WHEELER, C. J. Six of the nine assignments of error are the court's denial of the several paragraphs of the defendant's motion to correct the finding, and of its motion that the evidence taken before the commissioner be certified by him and made a part of the record. These motions should have been presented to the commissioner for his action, and in the event of their denial, error based thereon should have been incorporated in the reasons of appeal filed in the Superior Court. The practice in compensation cases is comparatively new, and for this reason, had the corrections asked for affected the decision upon the appeal to this court, we should have been disposed in this instance to have considered them on their merits.

In order to have uniformity in our practice as to this class of motions, we purpose stating with some fullness the proper practice upon a motion to correct before the commissioner, and upon appeal from his decision in the Superior Court, and thence on appeal to this court. In *Swanson* v. *Latham*, 92 Conn. 87, 90, 101 Atl.

492, we said: "The right of the trial court to correct the finding of the commissioner is similar to that exercised by us upon a proper appeal over the finding of a trial court." We foreshadowed our purpose to make the practice conform, in substance, to that established on appeals from the Superior Court to this court. One who appeals from a finding and award of a compensation commissioner, should make his application to correct the finding to the commissioner within a reasonable time after the filing of his appeal, and unless this time be otherwise fixed by rule or statute, or extended for cause by the commissioner, such reasonable time will be within two weeks after the filing of the appeal. The appellant must file with the commissioner, with his motion, or at the earliest time he can procure the transcript, such portions of the evidence as are relevant and material to the several corrections asked for. If the appellee claims that additional evidence is relevant and material to the corrections asked for, he should, within one week after appellant has filed his transcript, or at the earliest time he can procure the transcript, file with the commissioner such additional evidence.

The commissioner should within a reasonable time file with the Superior Court such motions, together with his decision thereon; if said motions be denied in whole or part, and such denial be made ground of appeal, he should, within a reasonable time thereafter, file with the Superior Court the transcript of evidence filed with him by appellant and by the appellee, together with such additional evidence as may have been taken before him in the form of testimony, or taken by him in other ways, and deemed by him relevant and material to these corrections.

The appeal should assign as error the finding of, or refusal to find, facts as contained in the motion to correct presented to the commissioner.

The Superior Court determines the errors so assigned, upon the evidence certified to it by the commissioner. It cannot consider other evidence in passing upon such errors. It cannot try ultimate issues of fact by independent examination of the evidence. Except for the limited purpose of correcting a finding, it cannot examine the evidence, and for this limited purpose it examines such evidence as the commissioner has certified to it. But, when it appears necessary to protect substantial rights of a party, not represented by counsel, the Superior Court may order a transcript of the evidence. *Rainey* v. *Tunnel Coal Co.,* 93 Conn. 90, 93, 105 Atl. 333.

Upon the refusal of the court to correct the finding as asked for, the appellant may incorporate in his assignment of errors to this court, such refusal, specifying in separate assignments the several refusals to correct. We determine these assignments upon the evidence certified to the Superior Court and made a part of the record on the appeal to this court. In case appellee desires the finding of the commissioner, or of the Superior Court, to be corrected, he shall proceed under a like practice.

The additional questions involved in the remaining assignments of error, are whether the plaintiff was a dependent of the decedent; and if so, whether the amount of the weekly award made, and the duration fixed for it, were justified by the Compensation Act. Since we must answer the first question in the negative, there is no occasion to determine the validity and duration of the award.

"The question of dependency is by the Act made one of fact. And unless the commissioner has applied an illegal standard or found a fact without evidence, we cannot review his finding." *McDonald* v. *Great Atlantic & Pacific Tea Co.,* 95 Conn. 160, 165, 111 Atl. 65,

68. "The test is, whether the contributions were relied upon by the dependent for his or her means of living, judging this by the class and position in life of the dependent." *Powers* v. *Hotel Bond Co.*, 89 Conn. 143, 152, 93 Atl. 245. The contributions relied upon must neccessarily be, as we pointed out in *Blanton* v. *Wheeler & Howes Co.*, 91 Conn. 226, 230, 99 Atl. 494, such as were relied upon for the living expenses; and these living expenses are to be measured by those which are necessary and proper for the class and station in life of the plaintiff. We further pointed out that proof that contributions were used for the living expenses, would not create a condition of dependency, unless the fact further appeared that these contributions were required for the living expenses and had been relied upon by the dependent for his living expenses, reckoning these by those which were reasonably necessary and proper for one in his class and station in life. "The Compensation Act," we said, on page 231, "does not contemplate support for any save the dependent, and one cannot be said to be a dependent who has sufficient means at hand for supplying present necessities, judging these according to the class and position in life of the alleged dependent." The fact that the earnings were turned into a family fund and used as one of the sources of support of the family of the deceased, does not prove that they were relied upon by the claimant for his living expenses. *McDonald* v. *Great Atlantic & Pacific Tea Co.*, 95 Conn. 160, 166, 111 Atl. 65, 68. Again, in treating of this subject, we said that "no one, not belonging to the enumerated classes of persons conclusively presumed to be dependent, is entitled to be regarded as a dependent or partial dependent, whose financial resources, at his command or within his power to command by the exercise of such efforts on his part as he reasonably ought to exert in view of the existing con-

ditions, are sufficient to sustain himself and family in a manner befitting his class and position in life without being supplemented by the outside assistance which has been received or some measure of it." *Gherardi* v. *Connecticut Co.*, 92 Conn. 454, 458, 103 Atl. 668.

The facts of record show that the plaintiff received of the earnings of the decedent in the period from July 14th, 1919, to November 19th, 1919, upward of $350, and had applied none of it to the living expenses of himself or family. All of this sum had been used for the purpose of making a payment on the purchase price of the house which he had purchased on July 14th, 1919, and toward this purchase price the plaintiff had paid $900 up to the time of the injury to decedent. The plaintiff had not in fact relied on these earnings for the living expenses of himself and family. And the reason is apparent: the plaintiff was in good health, with steady employment, and earning upward of $2,000 a year as a locomotive engineer; he did not require these earnings of his son for his own or his family living expenses, and had applied these entire earnings toward this purchase price. The finding is not susceptible of other interpretation than that the plaintiff did have sufficient means at hand for supplying the present necessities of himself and family, judging these according to his class and position in life. *Blanton* v. *Wheeler & Howes Co.*, 91 Conn. 226, 230, 99 Atl. 494.

The commissioner held that upon the facts found these earnings were used for the support of the plaintiff and his family and relied upon for their support, measuring that according to his station in life. The subordinate facts combat both propositions.

The commissioner argues that "reasonable and modest savings constitute an item of living expenses," and that earnings of the decedent applied to the purchase

price of this house were no more than a reasonable and modest saving for this family.

The case is not that to which the commissioner likens it. If the earnings had, in fact, been used in the family support, and at the same time the plaintiff father had made a weekly or monthly saving of an amount relatively small compared to his income, or carried a life insurance for a moderate amount, or made payments of a moderate amount toward the purchase of a home, we should not be disposed to hold that the money saved, or that paid for life insurance, or toward the purchase price for a home, necessarily came in fact from the earnings of the decedent, and hence that the plaintiff could not be a partial dependent of decedent. The family protection involved in such saving or such expenditure, if reasonable, according to the station in life of the plaintiff, will be held to be legitimate family expenditures. They are not the savings for investment, but rather the provision of thrift for the family protection against the contingencies of death, ill health, lessening earning power, or lessening work to be had. But when the savings go beyond these reasonable bounds, and, as in this case, are at the rate of about one half the total earnings of the plaintiff, they must be held to be payments made toward an investment, and not to be the payment of living expenses.

Our Compensation Act was never intended to make one a dependent of a decedent whose earnings had in the lifetime of the decedent been handed to the plaintiff and used by him, not for living expenses but to make a substantial investment. Between the modest savings of thrift, or family self-sacrifice, for family protection, and savings for investment, the line, although incapable of definition, ought not to be difficult in a given case to find. *Mulraney* v. *Brooklyn Rapid Transit Co.*, 190 N. Y. App. Div. 774, 180 N. Y. Supp. 654.

The subordinate facts of the finding are inconsistent with its conclusion that these earnings were relied upon by the plaintiff for the support of himself and family and were proper expenditures for such purpose, and do not support the finding of dependency. *McDonald* v. *Great Atlantic & Pacific Tea Co.*, 95 Conn. 160, 111 Atl. 65, 68.

There is error, the judgment is set aside and the cause remanded with direction to the Superior Court to render judgment sustaining the appeal from the commissioner and vacating his award and directing him to deny the claim.

In this opinion the other judges concurred.