MARY KOVACS *vs.* MANNING, MAXWELL AND MOORE ET AL.

Third Judicial District, Bridgeport, April Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Where the body of a boy employed in the defendant's factory was found one morning wedged between the edge of an elevator platform and the shaft wall, and the general foreman testified that, as a result of his investigation at that time he had concluded that, when the boy started to leave the fourth floor of the factory on the afternoon of the preceding day with two bags of out-going mail which it was his duty to post, he attempted to raise the elevator from a lower floor and to mount it while holding his mail-bags, and that, in so doing, he was caught and carried upward, these were facts which the compensation commissioner, under § 5364 of the General Statutes, was entitled to accept as evidence in the case and which, being undisputed, should have been made, in substance, a part of the finding.

It was a necessary conclusion from these facts that the injury to the boy arose in the course of his employment. Whether it also arose out of his employment, or was caused by his wilful and serious misconduct, were issues never determined by the commissioner nor adequately presented in his finding which must, therefore, be returned to him for further consideration.

If the finding of a commissioner fails to conform to the requirements of an adequate finding by a trial court and is attacked by a motion which, under the rules, should be granted, the Superior Court should not permit it to stand uncorrected.

Argued April 14th—decided June 11th, 1927.

APPEAL by the plaintiff from a finding and award of the compensation commissioner for the fourth district in favor of the defendants, taken to the Superior Court in Fairfield County and tried to the court, *Dickenson, J.;* judgment rendered dismissing the appeal and affirming the award, from which the plaintiff appealed. *Error and cause remanded.*

, *Samuel Reich,* with whom, on the brief, was *Philip Reich,* for the appellant (plaintiff).

*John F. Keating,* for the appellees (defendants).

WHEELER, C. J. The claimant's appeal is dependent upon her securing the correction of the finding in at least one or more of the material respects as alleged. The decedent, a boy of fifteen years of age, was employed in defendant's factory as a mail boy. It was a part of his duty during the day to carry correspondence, pay roll sheets, etc., to different parts of the building, and at the close of the day to carry two mail sacks from the factory, leaving one at the outside factory gate, and the other at the East Side Post Office. At the close of the day on March 15th, 1925, he collected the mail as usual and rang out on his time clock at 5:37 p. m. On the next morning his body was found suspended from a freight elevator just be-

low the fifth floor of the factory. The elevator had no regular operator.

The evidence before the commissioner supported the conclusion reached by Tacaks, the general foreman of the defendant's plant, who investigated the accident upon reaching the factory the next morning. The body of the boy was found wedged between the platform and edge of the shaft wall, while his legs hung from the elevator platform. He had on an overcoat, and had with him a mail sack, a portfolio and an umbrella. Tacaks ascertained that the elevator had been at some floor below the fourth, and concluded, as a result of his investigation, that the boy had opened the heavy fire doors, released the elevator gate, manipulated the control cable and operated the elevator so that it would come up to the fourth floor, and while attempting to hold the packages of mail, attempted to mount the elevator which, continuing to proceed up, the gate fell and caught the boy about the middle of the back and carried him between the elevator wall and platform. The electricity was still on the elevator motor in the morning. The commissioner was entitled to consider all of this evidence by the express terms of General Statutes, § 5364; *Riccio* v. *Montano*, 93 Conn. 289, 294, 105 Atl. 625. All of these facts were undisputed; they should have been made, at least in substance, a part of the finding. It was an inescapable inference from these facts that the boy had pulled the elevator up from the lower floor and was attempting to board it when he was caught, with the intention of descending to the ground floor and thence to dispose of the mail from the two sacks in compliance with the requirements of his employment.

The necessary conclusion from these facts was that the boy was engaged in the course of his employment when he met with the injury which resulted in his

death.  The plaintiff was also entitled to have the finding corrected by adding to it the facts, that the elevator had been in frequent use at various times by the millwrights and patternmakers to carry machinery; that no employee had ever been discharged for using it; that it could be operated at any hour of the day, if unlocked, but could not be so operated if locked; that at the time it was used by the boy it was unlocked; that there were no written rules prohibiting the use of the elevator by employees other than the millwrights and patternmakers, nor were there signs in or about or on the premises of defendant indicating that the elevator was not to be used by any of the employees.  The fact that the boy had been in defendant's employ for upward of a year and the weekly wage of the boy, $9, and the fact of the dependence of the plaintiff mother upon the boy, should have been found.  The finding in paragraph six, that the elevator was used only by millwrights to carry heavy machinery should be corrected to correspond with the corrections above made.  Whether the boy sustained an injury arising out of his employment, and whether he was guilty of serious and wilful misconduct, must be determined by the commissioner upon the finding as corrected, together with such additional facts as he may find from evidence already before him or subsequently offered upon these issues.  The burden of proving the latter is upon the defendant employer. *Gonier* v. *Chase Companies,* 97 Conn. 46, 55, 58, 115 Atl. 677.  These issues have never been considered by the commissioner.  The finding of the commissioner does not adequately present the case which the evidence established.  Findings of commissioners which do not adequately present the facts in evidence cannot be sustained and should be returned to the commissioners for further findings.  *Mahoney* v. *Gamble-Des-*

*mond Co.,* 90 Conn. 255, 96 Atl. 1025. The findings of the commissioner must conform substantially to the requirements of an adequate finding in the Superior Court. Unless they do conform to these requirements, neither the Superior Court nor this court can determine whether the award made is just or not. The trial court should not permit a finding not made in conformity to these requirements to stand, where it is challenged by a motion to correct, the allegations of which, in whole or part, are admitted or undisputed, relevant and material facts to the issues involved. Since the corrections made materially alter the finding, it must be returned to the commissioner for a redetermination. *Grabowski* v. *Miskell,* 97 Conn. 76, 115 Atl. 691.

There is error, the judgment of the Superior Court is set aside, and the Superior Court directed to sustain the appeal from the commissioner and remand the case to him for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.