ZYGMONT RAKIEC *vs.* THE NEW HAVEN WRECKING COMPANY ET AL.

Third Judicial District, Bridgeport, October Term, 1930.
MALTBIE, HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 5th—decided December 12th, 1930.

*Frank W. Daley,* for the appellant (plaintiff).

*Arthur B. O'Keefe,* with whom, on the brief, were *Thomas F. Mitchell* and *William C. Connelly,* for the appellee (defendant).

AVERY, J. The claimant sustained an injury arising out of and in the course of his employment with the respondent The New Haven Wrecking Company, on June 6th, 1928. The parties filed a voluntary agreement for compensation, which was approved June 13th, 1928; and compensation was paid thereunder until September 11th, 1929. The injury sustained was to the back; and, on October 15th, 1929, a hearing was had before the commissioner on the question of payment of compensation from September 11th, 1929; and, after the hearing, the commissioner made his finding and award, directing that compensation for total incapacity should be paid up to the date of the hearing, and that all questions as to compensation in the future be left open for determination on the request of any party in interest.

The respondents paid compensation under the finding and award up to and including October 15th, 1929, and thereafter, on February 13th, 1930, the commissioner held another hearing, and made a supplemental finding and award, fixing the earning capacity of the claimant at fifty per cent; and ordered the respondents to pay the claimant, beginning October 15th, 1929, the sum of $8.75 a week, the payments to continue until it should be shown that the earning power of the claimant had increased or decreased, but not beyond the time limited by statute. From this supplemental finding and award, the claimant appealed. He claims the commissioner erred in holding that the earning capacity was reduced only fifty per cent; and that, from the evidence adduced, the commissioner should have found the claimant totally incapacitated;

and the supplemental finding and award should have given full compensation.

Following the hearing on October 15th, 1929, the claimant went to work for the employer-respondent, pulling nails out of boards. He did this without complaint, but the employer, observing his method of stooping to get the boards, and being of the opinion that the employee was not able to do the work, discharged him after about two hours. The respondents made no other offer of employment to the claimant, and the claimant has done nothing since.

The main complaint of the plaintiff is that the act of the employer in discharging him after he went back to work because he appeared to the employer unable to do the work of pulling nails out of boards, should be taken as conclusive evidence of total disability. At the time of the injury, the claimant had a hypertrophic arthritis in his spine, which was not the cause of any incapacity and was not an occupational disease. The injury to his back caused an aggravation of this arthritis; and the question before the commissioner, at the time of the hearing on the supplemental finding and award, was whether or not, as the result of the injury, the claimant was wholly incapacitated or only partially incapacitated. The action of the employer in discharging the claimant for incapacity to do the work assigned, was evidence, and strong evidence, tending to show that the plaintiff, by reason of his injury, was totally incapacitated. It was not, however, conclusive or the only evidence before the commissioner. At the hearing, four physicians testified as to the extent of the incapacity; and, from their testimony, the commissioner apparently reached the conclusion that the claimant was not totally incapacitated, but was able to do some work, and that his earning capacity was diminished fifty per cent. The medical testimony fully

justifies the commissioner in finding the subordinate facts upon which his conclusion is based; and, in addition, the claimant did not show he had made any effort to obtain employment other than with his employer.

In such a case as this, where the evidence is conflicting, the amount of disability is a question of fact within the determination of the commissioner. "The court cannot review conclusions of facts made by a commissioner which merely concern the weight of evidence and the credibility of witnesses." *Powers* v. *Hotel Bond Co.,* 89 Conn. 143, 153, 93 Atl. 245; *Kennerson* v. *Thames Towboat Co.,* 89 Conn. 367, 370, 94 Atl. 372; *Thompson* v. *Twiss,* 90 Conn. 444, 446, 97 Atl. 328; *Swanson* v. *Latham,* 92 Conn. 87, 90, 101 Atl. 492; *Rainey* v. *Tunnel Coal Co.,* 93 Conn. 90, 94, 105 Atl. 333. It is apparent, from the memorandum of the commissioner, that he was not satisfied that the claimant had made a sufficient effort to find work such as he could do. In *Reilley* v. *Carroll,* 110 Conn. 282, 286, 147 Atl. 818, we said: "The plaintiff's labor must be unmarketable because of conditions resulting from his injury; he must exercise reasonable diligence to obtain employment; he must not refuse or neglect, without adequate excuse, to use such powers as remain to him, or to decline employment reasonably within his capacity to perform."

There is no error.

In this opinion the other judges concurred.