ORAZIO ROSSI *vs.* THOMAS F. JACKSON COMPANY
ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued November 7th—decided December 7th, 1933.

*Michael V. Blansfield,* with whom, on the brief, were *Herman B. Engleman* and *Robert D. Larkin,* for the appellant (plaintiff).

*Harold K. Watrous,* with whom was *Walter E. Monagan,* and, on the brief, *Daniel G. Campion,* for the appellees (defendants).

HAINES, J. The finding by the commissioner shows that the claimant was continuously employed by the respondent from March 22d, 1921, to November 29th, 1924, as a granite cutter. In this work a large amount of dust is produced in which is free silica. He had since boyhood worked as a cutter of marble and stone in various places in Italy and this country. It is not known whether he had some degree of pneumoconiosis when he began work for the respondent, but he was, so far as he knew, well. During his employment by the respondent, he inhaled sufficient silica to be the effective cause of the pneumoconiosis and tuberculosis from which he was suffering at the time of the hearing. At that time the prognosis was not favorable. After leaving the employ of the respondent "because of ill health," the claimant was otherwise employed for at least twenty weeks, earning $25 per week, but it is not found at what time during this period this work was done. It was decided that his claim for compensation was "seasonably filed" on December 13th, 1932. The finding furnishes no further pertinent facts of importance to the questions at issue upon this appeal, but if we were permitted to consult the commissioner's memorandum of decision, it would further appear that the claimant's ill health from and after leaving the respondent's employ, was attributed by his physicians to bronchitis or asthma, but when he consulted another physician and was told that he had pneumoconiosis he "promptly filed his claim."

The award was for $18 per week from and after November 29th, 1924, except for the twenty full weeks at $25 per week, when he had worked, this amount to be deducted, and compensation to continue for not to exceed five hundred and twenty weeks from and after November 29th, 1924. Before the commissioner, the respondent contended that the notice of claim for compensation was not filed within one year from the "date of the injury," and was therefore barred, but this claim was overruled by the commissioner. This ruling was one of the grounds of appeal in the Superior Court.

The finding, which we have summarized, was not objected to and no additions or changes therein were requested. A finding should contain all the subordinate facts which are pertinent to the inquiry, and the conclusions of the commissioner therefrom. *Marchiatello* v. *Lynch Realty Co.*, 94 Conn. 260, 262, 108 Atl. 799; *Pettiti* v. *Pardy Construction Co.*, 103 Conn. 101, 104, 130 Atl. 70. If a finding does not conform to these requirements, often reiterated in the decisions of this court, neither the Superior Court nor this court is in a position to decide whether the award was correct and just or not. *Kovacs* v. *Manning, Maxwell & Moore*, 106 Conn. 250, 254, 137 Atl. 761.

The conclusions reached by the commissioner and by the Superior Court, must be tested by the subordinate facts set out in the finding, and by those alone. *Sorrentino* v. *Cersosimo*, 103 Conn. 426, 429, 130 Atl. 672; *Rainey* v. *Tunnel Coal* Co., 93 Conn. 90, 93, 105 Atl. 333; *Swanson* v. *Latham*, 92 Conn. 87, 90, 101 Atl. 492. If some of the facts found are legally inconsistent with the conclusion reached, it presents a reversible error of law. *Palumbo* v. *Fuller Co.*, 99 Conn. 353, 355, 356, 122 Atl. 63; *Kugel* v. *Angell*, 74 Conn. 546, 550, 51 Atl. 533; *Nolan* v. *New York, N. H. & H. R. Co.*, 70 Conn. 159, 176, 39 Atl. 115.

" 'Compensation under our Act is based upon incapacity, total or partial, and hence is based upon loss of earning power.' " *Rousu* v. *Collins Co.*, 114 Conn. 24, 31, 157 Atl. 264; *Hines* v. *Norwalk Lock Co.*, 100 Conn. 533, 124 Atl. 17; *Wrenn* v. *Connecticut Brass Co.*, 96 Conn. 35, 112 Atl. 638; *Franko* v. *Schollhorn Co.*, 93 Conn. 13, 104 Atl. 485. Previous to Public Acts of 1927, Chapter 307, § 5, notice was required to be given "within one year from the date of the injury." General Statutes, Rev. 1918, § 5360; Public Acts, 1921, Chap. 306, § 8. Since that time it has been required "within one year from the date of the accident or from the first manifestations of a symptom of the occupational disease, as the case may be, which caused the personal injury." Public Acts, 1927, Chap. 307, § 5; General Statutes, Rev. 1930, § 5245. Pneumoconiosis is an "injury" which arises and becomes compensable when the diseased condition yields to the infection and unfits the employee for work. *Rousu* v. *Collins Co.*, 114 Conn. 24, 28, 157 Atl. 264; *Kovaliski* v. *Collins Co.*, 102 Conn. 6, 9, 10, 128 Atl. 288; *Michna* v. *Collins Co.*, 116 Conn. 193, 200, 164 Atl. 502.

Under the former statute, we held that notice must be given within one year from the date when the injury first became compensable. *Esposito* v. *Marlin-Rockwell Corporation* (1921) 96 Conn. 414, 417, 114 Atl. 92. The finding in this case does not fix the date when the claimant's right to compensation first arose, and it cannot be determined, therefore, whether the notice should have been given as required by the law in force before 1927 or by the law as it stood thereafter. For this reason also, neither the Superior Court nor this court can say whether the commissioner's conclusion that the notice was "seasonably" given was correct. It follows that the decision of the last question by the Superior Court, upon the assumption that

the injury and incapacity dates from 1924, was not warranted. An assumption of *total* incapacity at that time, in any event, is inconsistent with the finding that the claimant worked for twenty weeks at some period thereafter.

On this record the rights of the claimant cannot be fully determined, and justice to both parties requires that the case be returned to the commissioner for further action.

There is error; the judgment of the Superior Court is set aside and the cause remanded with direction to sustain the appeal and return the case to the commissioner for further action in conformity with this opinion.

In this opinion the other judges concurred.