ANTHONY ROGERS *v.* HANNON-HATCH POST No. 9929, VETERANS OF FOREIGN WARS OF THE UNITED STATES, INC.

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE NO. CV 16-611-28M

Argued September 15, 1961—decided February 14, 1962

*William J. Butler,* of Hartford, for the appellant (plaintiff).

*Donald F. Crowley,* of Hartford, for the appellee (defendant).

HAMILL, J. The plaintiff was one of three joint holders of a second mortgage on property of the de-

fendant. Needing cash for personal reasons, the plaintiff, an active member of the defendant, sought a payment from the defendant which would be applied in reduction of the mortgage. The defendant voted to borrow $3000 to be paid to the plaintiff in reduction of the mortgage. However, an additional sum of $400 was needed by the defendant for payment of interest and principal to the other two joint holders of the second mortgage. The defendant borrowed $3000, which it delivered to the plaintiff, and, at about the same time, the plaintiff delivered his check in the sum of $400 to the defendant for the aforesaid purposes. Thereafter, the plaintiff delivered a further check in the sum of $163 to the defendant, for which the latter gave its promissory note. In this action to recover the two sums, the plaintiff had a judgment in his favor on the claim for $163, but not on the claim for $400. He has appealed.

The first assignment of error of the plaintiff is that the court erred because it failed to find certain facts which he claimed were admitted or undisputed. A fact is not admitted or undisputed merely because one or more witnesses testify to it, since it is for the trial court to determine what credence it will give to the witnesses. *Morse* v. *Morse,* 128 Conn. 138, 139. However, even if the finding were corrected to include the facts proposed by the plaintiff in his motion to correct the finding, it would still lack an essential element. A loan is made when the borrower receives money over which he exercises dominion and which he expressly or impliedly promises to return. 54 C.J.S. 654. The court found that there was no express agreement to repay the sum of money; also, the court did not find that there was an implied promise to repay; nor was there even a request that the court find an implied promise. Since the court did not find a promise on

the part of the defendant to repay the $400, the plaintiff did not sustain his burden of proof.

The second assignment of error concerns the court's finding that there was "no written evidence of a loan nor any express agreement as to repayment"; the plaintiff claims that the word "loan" inscribed on the check for $400 (plaintiff's exhibit) was "written evidence." The word "loan" was written by the plaintiff; the finding was barren of any evidence of a loan, oral or in writing, made or executed by the defendant.

The third assignment of error concerns the failure of the court to strike from its finding the following paragraph: "The defendant claims the alleged loan was a gift." This has no place in the finding, which should state facts and not testimony. *C.I.T. Corporation* v. *Cohen*, 117 Conn. 159, 161. However, this is not reversible error. *Blanton* v. *Wheeler & Howes Co.*, 91 Conn. 226, 230.

The fourth assignment of error concerns the failure of the court to arrive at the conclusion that the transaction was a loan. The conclusion of fact which the plaintiff seeks to have added to the finding is without support in the subordinate facts and consequently cannot be added. *Ungiechajer* v. *Matzsezk,* 148 Conn. 724, 725.

In the next assignment of error, the claim is made that the court stated that the $400 sum was carried on the defendant's books as a loan, but a search of not only the finding but the entire record as well reveals no such statement by the court.

The last assignment of error concerns the statement by the court in its memorandum of decision that "in the absence of a definite promise to pay at a definite time," judgment must enter for the defendant. Had the memorandum of decision been

made a part of the finding, which it was not, the plaintiff still would gain nothing, because the judgment here was responsive to the issues and was supported by the facts and therefore should stand. *Malone* v. *Steinberg,* 138 Conn. 718, 723.

There is no error.

In this opinion STAPLETON and ALEXANDER, Js., concurred.