## DORIS MACK *v.* BLAKE DRUG COMPANY ET AL.

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued March 2—decided March 25, 1965

*James J. Maher,* with whom were *Kevin J. Maher* and, on the brief, *Brian P. Maher,* for the appellants (defendants).

*James J. A. Daly,* with whom were *John Gill* and, on the brief, *Daniel E. Brennan, Jr.,* for the appellee (plaintiff).

ALCORN, J. The plaintiff was injured by a fall in the course of her employment by the named defendant. Pursuant to a voluntary agreement under the Workmen's Compensation Act, she received payments for a two-week period of total incapacity.

Following a hearing, the commissioner made an award of compensation for total incapacity for a further period of fifty-nine and five-sevenths weeks and for a partial incapacity for an additional period of 180 weeks to the date of the award. He also awarded compensation for partial incapacity for the statutory period from the date of the award or until the plaintiff's disability should decrease, increase or cease, together with payment of all medical, hospital, nursing, drug and appliance bills which were offered in evidence. The Superior Court rendered judgment dismissing the defendants' appeal from the commissioner's award, and from that judgment this appeal is taken.

The defendants seek to raise two issues, namely, (1) that the commissioner's conclusion as to the plaintiff's incapacity is based on inadmissible medical testimony, and (2) that the medical and hospital bills were improperly included in the award because they were not properly authorized. The appeal record does not present the questions which the defendants ask us to review. Four assignments of error attack the action of the court "in sustaining the conclusion of the commissioner" in designated paragraphs of the finding and award. All of the paragraphs referred to are findings of subordinate fact rather than conclusions. Five assignments state only that the court erred in sustaining the commissioner's conclusion and award. The remaining assignment is that the court erred in overruling what are described as claims of law but which severally amount to assertions that the commissioner's award and conclusion "is contrary to the evidence and the law", "legally inconsistent with the facts as presented", "so illegally inconsistent with the facts found that the end result is unreasonable"

and "could not reasonably be reached upon the subordinate admissible evidence and facts".

Assignments of error attacking the commissioner's conclusions on the ground of the insufficiency of the evidence do not present reviewable reasons of appeal. *Rainey* v. *Tunnel Coal Co.*, 93 Conn. 90, 93, 105 A. 333. Assignments that the court erred in sustaining the award on the facts found are too general to require consideration. *Draus* v. *International Silver Co.*, 105 Conn. 415, 418, 135 A. 437. The process of appeal from the finding and award of a workmen's compensation commissioner is clearly defined by rule and precedent. Practice Book §§ 435–444; *Rossi* v. *Thomas F. Jackson Co.*, 117 Conn. 603, 605, 169 A. 617; *Rakiec* v. *New Haven Wrecking Co.*, 112 Conn. 432, 435, 152 A. 401; *Leszczymski* v. *Andrew Radel Oyster Co.*, 102 Conn. 511, 514, 129 A. 539; *Atwood* v. *Connecticut Light & Power Co.*, 95 Conn. 669, 672, 112 A. 269. In the present case, no motion was made to the commissioner to correct the finding, nor is any claim made that subordinate facts were found without evidence, that admitted or undisputed facts were omitted, or that the commissioner's conclusions were not supported by the subordinate facts found. The finding recited the history of the plaintiff's injury and treatment and the commissioner's conclusion as to the award which should be made for the disability and the medical expense involved. The subordinate facts and conclusions, being unattacked, must stand. The effort to attack the medical evidence on which the commissioner's findings are partly based appears to rest on a misapplication of the rule in cases such as *Darrigan* v. *New York & N.E.R. Co.*, 52 Conn. 285, 309, and *Zawisza* v. *Quality Name Plate, Inc.*, 149 Conn. 115, 119, 176 A.2d 578, to physicians, who,

in this case, were actually engaged in treating the plaintiff. *Brown* v. *Blauvelt,* 152 Conn. 272, 274, 205 A.2d 773; *Manfredi* v. *United Aircraft Corporation,* 138 Conn. 23, 25, 81 A.2d 448.

There is no error.

In this opinion the other judges concurred.