## William P. Glenn *v.* Stop and Shop, Inc., et al.

House, C. J., Loiselle, MacDonald, Bogdanski and Longo, Js.

Argued January 15—decision released May 6, 1975

*George A. Downing,* with whom, on the brief, were *Howard B. Field III* and *Mark R. Perkell,* for the appellants (defendants).

*Albert Zakarian,* for the appellee (plaintiff).

BOGDANSKI, J.   This appeal is from the finding and award of the workmen's compensation commissioner for the sixth district awarding the plaintiff disability benefits for an injury found to have arisen out of and in the course of his employment with the defendant employer.   The Court of Common Pleas dismissed the appeal.   From that judgment, the defendants have appealed to this court.

The material facts found by the commissioner are as follows:   The plaintiff, Glenn, has been employed as a meat cutter by the defendant Stop and Shop, Inc., since March, 1970.   On September 3, 1970, Glenn was lifting a piece of meat at his place of employment when he slipped and fell, injuring his elbow, knee and buttocks.   He received medical attention for those injuries, and his employer accepted the accident as a workmen's compensation claim.   On January 20, 1971, Glenn was involved in an automobile accident in which he received injuries to his back.   After medical attention and rest, he returned to work.   Glenn's work consisted of lifting pieces of meat weighing sixty to one hundred pounds onto a lift truck and then trucking it to his work station where he would cut the meat.   When the meat was completely cut into pieces, he would start his work cycle again, continuing for a full, eight-hour workday.   From September 3, 1970, to December 30, 1971, Glenn had periodic low-back and left-leg pain.   He was able to continue with his normal work, however, through the week before Christmas, 1971.   During that week, in addition to

the loading, cutting and unloading of meat, he had to load and unload turkeys. When he returned to work after the Christmas holidays he had great difficulty walking, especially with his left leg, and on December 30, he was in such great pain that he had to leave work. Glenn immediately sought medical attention and was subsequently hospitalized. He was unable to return to work until March 6, 1972.

On the basis of the testimony of Dr. Mark Pohlman, a licensed physician who treated Glenn on and after December 30, 1971, the commissioner found that neither the accident at work on September 3, 1970, nor the automobile accident on January 20, 1971, were causally connected with the low-back and left-leg pain that caused Glenn to leave work on December 30, 1971. He did find, however, that "the claimant's low back condition and resulting physical disability were caused by the repetitive heavy lifting required in his employment," and that there was a 5 percent permanent partial disability to Glenn's back. The commissioner then concluded that Glenn's "low back and left leg pain arose out of and in the course of his employment with . . . [Stop and Shop, Inc.] over a long period of time, with primary emphasis on the pre-Christmas period in December 1971 as being the culminating factor in . . . [his] need for medical and hospital attention." Disability benefits were awarded for Glenn's temporory total disability from December 30, 1971, to March 6, 1972, and for the 5 percent permanent partial disability to his back. On subsequent motion by Stop and Shop, Inc., the commissioner refused to correct the finding and award.

On appeal, the Court of Common Pleas reviewed the record certified to it by the commissioner and

concluded that there was evidence, including competent medical testimony, to support the findings of the commissioner and that those findings reasonably supported his conclusions. On appeal to this court, Stop and Shop, Inc., has assigned error in the trial court's "failing to overrule" the conclusions of the commissioner, in its concluding that Glenn had suffered an injury arising out of and in the course of his employment, and in its overruling of the claims of law raised in the "reasons of appeal." Those assignments of error indicate that Stop and Shop, Inc., misunderstood some of the principles governing judicial review of the finding and award of a workmen's compensation commissioner.

The court does not retry the case nor substitute its judgment for that of the commissioner as to the weight of the evidence on questions of fact. General Statutes § 4-183 (g); Practice Book § 435. The court reviews the conclusions of the commissioner to determine whether they are inconsistent with the subordinate facts found and, when a motion to correct the finding has been denied by the commissioner, may be called upon to review the record to determine whether there was any evidence to support the findings. General Statutes § 4-183 (g) (5); Practice Book §§ 435, 437; see *Balkus* v. *Terry Steam Turbine Co.,* 167 Conn. 170, 174, 355 A.2d 227. The finding will not be corrected unless it contains facts found without evidence or omits material facts that are admitted or undisputed. Practice Book § 435; *Wheat* v. *Red Star Express Lines,* 156 Conn. 245, 248, 240 A.2d 859. On appeal to this court the decision of the court on the motion to correct is reviewable. The assignments of error, however, should specify the decision upon each paragraph of the motion desired

to be reviewed. Practice Book § 443. Rather than follow that procedure, Stop and Shop, Inc., appears to be directly attacking the commissioner's ultimate conclusion on the ground of the insufficiency of the evidence. That is not a reviewable assignment of error. *Mack* v. *Blake Drug Co.,* 152 Conn. 523, 525, 209 A.2d 173; *Rainey* v. *Tunnel Coal Co.,* 93 Conn. 90, 93, 105 A. 333.

The conclusion that Glenn suffered an injury that arose out of and in the course of his employment is supported by the commissioner's finding that his low-back condition and left-leg pain were caused by the repetitive heavy lifting required in his employment. "Injury" as used in the Workmen's Compensation Act includes "an injury to an employee which is causally connected with his employment and is the direct result of repetitive trauma or repetitive acts incident to such employment." General Statutes § 31-275.

As discussed above, the underlying finding of causation has not properly been assigned as error on this appeal. We note, however, that Stop and Shop, Inc., did request the commissioner to strike that finding in its motion to correct; that the Court of Common Pleas did review the record to determine whether there was any evidence to support it; and that the briefs of the parties are primarily addressed to the issue of whether there was evidence to support the finding of causation. Under those circumstances, the issue is sufficiently identified for our consideration and review.

Dr. Pohlman testified that Glenn's back condition was caused by a degenerative disc in the lower lumbar spine which was irritating the nerve in the left leg. He stated that neither Glenn's accident

at work nor his automobile accident was causally connected with the degenerative disc. It was his opinion that the repetitive lifting of sixty to one hundred pounds of meat which Glenn was required to do as an incident of his employment for Stop and Shop, Inc., "could have caused degeneration or deterioration of the lumbar disc." He further testified that Glenn had a partial sacralization of his lowermost vertebrae, a congenital defect, which may have been a contributing factor in the degeneration of the disc. Without more, that medical testimony would have been insufficient for the commissioner to find that Glenn's employment was a proximate cause of his back condition and left-leg pain. The rule was stated in *Madore* v. *New Departure Mfg. Co.*, 104 Conn. 709, 714, 134 A. 259: "If upon the facts the medical expert is merely willing to testify that the disease might have, or was likely to have, resulted from the employment, or the conditions under which it was carried on, but is unwilling to go further and testify that, in his opinion, taking into consideration all of the facts presented and considering every other hypothesis suggested, it was reasonably probable that the disease resulted from the employment, . . . the commissioner or court should not conclude that the disease did result from the employment, unless the facts outside this medical testimony fairly warrant that conclusion." In this case, however, the doctor later responded in the affirmative to the following question: "Doctor, you have given us your opinion earlier based upon reasonable medical probability [that] there is a causal connection between this continuing lifting and . . . [Glenn's] present problems, am I correct in that?" Stop and Shop, Inc., raised no objection to that question or the answer. Moreover, Glenn

himself testified that during his employment with Stop and Shop, Inc., and prior to his automobile accident in January, 1971, he was having lower back trouble with pain in his left leg; that after he had fully recovered from the accident, he still experienced the same low-back and left-leg pain during the time that he was working; and that after the additional heavy lifting during the week before Christmas, he felt such extreme pain that he had to leave work on December 30, 1971.

The commissioner could have relied on Doctor Pohlman's later assertion that his opinion was based on "reasonable medical probability" as well as Glenn's testimony regarding the nature of his work, his increasing pain and his ultimate disability. Considered in its entirety the evidence was sufficient to support the finding that Glenn's back condition and left-leg pain were caused by the repetitive heavy lifting required in his employment. We cannot say that the commissioner's finding is so unreasonable as to justify judicial interference. *Mund* v. *Farmers' Cooperative, Inc.,* 139 Conn. 338, 343, 94 A.2d 19; see General Statutes § 4-183 (g).

As to the possibility that a congenital defect contributed to the degeneration of the disc, "the employer takes the employee in that state of health which is his when the employment begins." *Cashman* v. *McTernan School, Inc.,* 130 Conn. 401, 409, 34 A.2d 874. The provision in § 31-275 of the General Statutes that calls for apportionment of compensation in the case of "aggravation of a pre-existing disease" refers only to occupational diseases. *Cashman* v. *McTernan School, Inc.,* supra, overruling *Henry* v. *Keegan,* 121 Conn. 71, 183 A. 14; *Bongialatte* v. *H. Wales Lines Co.,*

97 Conn. 548, 552, 117 A. 696. Thus, aggravation in the course of employment of a nonoccupational disease is compensable. See *Tourville* v. *United Aircraft Corporation,* 262 F.2d 570, 571 (2d Cir.).

The final claim of Stop and Shop, Inc., is that the medical testimony is not inconsistent with the theory that the degeneration of Glenn's disc began long before his employment with Stop and Shop, Inc., owing to his occupation as a meat cutter for over ten years. More than theories are required, however, since such an assertion is an attempt to show that there was a preexisting occupational disease. The burden of proof is on the employer to make such a showing. *Dombrowski* v. *Jennings & Griffin Co.,* 103 Conn. 720, 729, 731–32, 131 A. 745. It failed to meet that burden.

The trial court was therefore correct in its determination that the record supported the findings of the commissioner, and that his conclusions were not inconsistent with the facts found or the applicable law.

There is no error.

In this opinion the other judges concurred.