## TILLIE BENDETT *v.* THE MOHICAN COMPANY.

* First Judicial District, Hartford, January Term, 1923.

WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

Personal injury resulting in the death of an employee while traveling in the line of his duty, arises out of and in the course of his employment.

In the present case the decedent who lived in Norwich was required by his contract of employment to travel daily to and from New London on his employer's business, and was allowed $30 a month to purchase a commutation ticket between those cities for that purpose. When trains were not available he used his own automobile for transportation, with the knowledge and permission of his employer, and while driving home from New London one evening after attending to his duties his car, which apparently had skidded, was found in a demolished condition by the roadside and the employee fatally injured. *Held* that under these circumstances the Compensation Commissioner was fully justified in ruling that the injury and death arose in the course of, and out of, the employment.

It appeared that a few minutes before the accident the decedent, in passing another car going in the same direction, was running at the rate of between thirty-five and forty miles an hour. *Held* that such bare fact fell far short of warranting a conclusion that the accident was caused by his own serious and wilful misconduct—

---

* Transferred from second judicial district.

an affirmative defense, the burden of proving which rested upon the employer.

Argued January 10th—decided March 1st, 1923.

APPEAL by the defendant from a finding and award of the Compensation Commissioner of the second district in favor of the plaintiff, taken to and reserved by the Superior Court in New London County, *Jennings, J.,* for the advice of this court. *Superior Court advised to dismiss defendant's appeal.*

*DeLancey S. Pelgrift,* for the defendant.

*Walter J. Walsh* and *William J. Carrig,* with whom, on the brief, was *Daniel Keogh,* for the plaintiff.

CURTIS, J. The finding discloses that Tillie Bendett, the plaintiff, is the widow of the decedent, David Bendett, who was employed at the time of his death as a meat buyer by the Mohican Company of New York, which has branch stores in Norwich, New London, and Westerly, Rhode Island, and other places.

Mr. Bendett lived with his family in Norwich, and made trips from Norwich to New London or Westerly, Rhode Island, as he found necessary, his chief duty being to keep the three stores named, Norwich, New London and Westerly, supplied with meat as required by their trade.

His position and duties as meat buyer required that Mr. Bendett should call at the Norwich store in the morning, look over their supply of meat and ascertain their needs for the immediate future. This was also true of the New London store, but it was left to Mr. Bendett's judgment as to how often he should visit the Westerly branch. There were no specified hours per day during which he was employed. It was his

custom to leave the Norwich store about 8 a. m. and return to it at 5 p. m. or later at night. He was paid $30 cash per month for a commutation ticket for use between Norwich and New London on his daily trips for the defendant. He was paid in cash for transportation whenever he visited the Westerly store for the defendant.

About nine months before his death Mr. Bendett purchased an automobile for pleasure, which he also used in his business when trains were not available. The defendant knew that he used his automobile at times instead of trains, on the defendant's business. It was also known at the Norwich store that he occasionally delivered meat to that store in his automobile.

On the evening of November 16th, 1921, he went in his automobile to New London and was engaged in buying meat for the New London store until about 10:30 o'clock, when he started for his home in Norwich in his automobile. About 11:40 that night his car passed another automobile on its way to Norwich about two miles north of New London. About 11:45 the Bendett car was found in a demolished condition on the right-hand side of the road leading to Norwich. The car appeared to have skidded. It is not found what caused the accident. When Mr. Bendett left New London it was getting foggy, and at the time of the accident it was raining hard and the roads were very slippery. Mr. Bendett was seriously injured in the accident and died as a result of his injuries at a hospital in Norwich on November 20th, 1921.

When the car of Mr. Bendett passed this car at 11:40, it was being driven at a speed of between thirty-five and forty miles an hour. The decedent used his own automobile at such times as he could not use trains, which saved time and accrued to the employer's benefit and it was done for his employer's interests, even

though this method of travel was a much more expensive one for the decedent himself. The defendant admitted that the use of the automobile was known to it and that it facilitated the company's business, and that it was not interested in what manner he covered his territory, except that the allowance of $30 per month should be the maximum paid to the decedent for the purpose of purchasing a commutation ticket between Norwich and New London. However, if the decedent did not so use the money but instead purchased gasoline for his automobile, or spent the $30 or any part of it toward the running expenses of his machine, his employer did not object to this procedure and did not at any time object to the decedent's using his automobile for business connected with the Mohican Company. While the company did not "authorize" him to use the automobile, it had full knowledge that he did use it to facilitate the company's business, and permitted him to do so.

The commissioner found, as a conclusion from the subordinate facts, that the fatal injuries of Mr. Bendett arose out of and in the course of his employment.

The questions of law reserved are, in effect, whether the commissioner, under the foregoing facts, reasonably found: (1) that the injury and resulting death of David Bendett occurred in the course of his employment with the defendants; (2) that the injury and resulting death of David Bendett arose out of his employment with the defendant; (3) that the injury and resulting death of David Bendett were not caused by his own serious and wilful misconduct.

The contract of employment between the decedent and the defendant called upon the decedent to travel between Norwich, New London and Westerly at such times as his employment as meat buyer for the stores of the defendant in those places required. The defend-

ant intended to pay his transportation by rail while so traveling. This transportation was incidental and necessary to his employment, hence the employment continued during the transportation. This travel was a substantial part of the work he was employed to do. Under the facts found, travel on its business by his own automobile instead of by train was approved by the defendant as work done under Bendett's employment; therefore while so traveling he continued in its employ, and dangers arising from such travel were incidental to his employment. *Swanson* v. *Latham*, 92 Conn. 87, 90, 101 Atl. 492. The subordinate facts found fully justify the Commissioner's conclusion that Mr. Bendett's injury and death occurred in the course of, and arose out of, his employment.

The meagre facts found as to the accident which caused Mr. Bendett's death fall short of justifying a conclusion that it was caused by his own serious and wilful misconduct. While passing an automobile five minutes or so before the accident, he was driving from thirty-five to forty miles an hour. There was nothing to show that this speed was not used for a short time only, to pass a car going at a rate of twenty miles an hour. A slight mishap to the mechanism of the car, a miscalculation by the driver, the commission by him of a merely negligent act, or other cause unknown, may have caused the accident. The defense of wilful and serious misconduct is an affirmative one. The burden of establishing it is on the employer. *Gonier* v. *Chase Companies, Inc.*, 97 Conn. 46, 58, 115 Atl. 677. Under the finding it could not reasonably have been found that the defense was established.

The Superior Court is advised to render judgment dismissing the appeal.

In this opinion the other judges concurred.