JOHN J. CARAHER, JR. *v.* SEARS, ROEBUCK & COMPANY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued May 6th—decided June 9th, 1938.

*Harry B. Dinerstein,* with whom, on the brief, were *Joseph G. Shapiro, Harry A. Goldstein* and *Charles Brody,* for the appellant (defendant).

*David Goldstein,* with whom, on the brief, was *George A. Saden,* for the appellee (plaintiff).

BROWN, J. The vital questions upon this appeal are whether the plaintiff was an employee or an independent contractor, and if he was an employee

whether he was guilty of serious and wilful misconduct barring his right to compensation. The finding, with those corrections to which the defendant is entitled, discloses these material facts upon those issues. The defendant is a self-insurer conducting a store in Bridgeport. It had engaged the plaintiff to install and repair radios, either in the service shop in its store or at the home of its customers. He did this work on the basis of $1 per job plus material in the Bridgeport area, and at $1 per hour and transportation, outside of the city limits. He did not punch a time clock. The defendant sold radios, all with a guaranty, and maintained a service department for the repair and servicing of them. On each call for service, the defendant entered the customer's name, address and complaint on a slip. Each day these slips were given to the plaintiff for proper action. No charge was made the customer for any service during the guaranty period; he merely signing the slip after the work was completed. After the expiration of the guaranty, the plaintiff made a proper charge, which either he collected and paid over to the defendant forthwith, or the defendant collected later. The plaintiff's name was not on the defendant's payroll, but approximately once a week he rendered a statement of the work done and material purchased and was paid at the agreed rate therefor. Whenever the charge to the customer for service exceeded the amount paid the plaintiff for that job, the defendant retained the difference as its profit. The defendant directed the work to be done, and in a general way where it was to be done, by the directions on the service slips given to the plaintiff. If the customer requested that the repair be made at a certain time, the defendant also directed the time the work was to be done. It had the right to discharge him just

as it had to discharge any employee if he did not do his work properly and to its satisfaction. The defendant had the general control of the work being done by the plaintiff.

During the evening of September 9th, 1936, the plaintiff, after completing some repair work in the service shop on the top floor of the defendant's store, attempted to leave the store by an outside door at the rear, but found it locked. The defendant's service elevator has an opening into the store on one side and into its garage at the rear on the opposite side. The plaintiff thereupon opened the elevator door to cross the elevator and go through the garage. The elevator was not at the floor, and he fell to the bottom of the shaft, receiving severe injuries. Just before, his superior had suggested that he go out by another door and not through the elevator because it might not be there. The elevator door which the plaintiff opened was automatically controlled so that it would not open unless the elevator was within six inches of that floor. The fact that it did open when the elevator was not there indicated a defect in the mechanism which would not have been contemplated by the plaintiff when he opened the door. The plaintiff's attempt to use the elevator in disregard of his superior's suggestion is insufficient to warrant a finding that he acted intentionally and purposely, with knowledge and with a reckless disregard of consequences, constituting serious and wilful misconduct upon his part.

In our recent opinion in *Francis* v. *Franklin Cafeteria, Inc.*, 123 Conn. 320 (195 Atl. 198), at page 323, we quoted excerpts from several earlier decisions of this court explaining the distinction between an independent contractor and an employee. Three of these are reiterated as controlling upon the present

question. "An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work." 2 Cooley, Torts (3d Ed.) 1098; *Alexander* v. *Sherman's Sons Co.,* 86 Conn. 292, 297, 85 Atl. 514. ". . . the employee contracts to produce a given result subject to the lawful orders and control of the employer in the means and methods used." *Tortorici* v. *Moosop, Inc.,* 107 Conn. 143, 146, 139 Atl. 642. "The decisive test is who has the right to direct what shall be done and when and how it shall be done? Who has the right of general control?" *Thompson* v. *Twiss,* 90 Conn. 444, 447, 97 Atl. 328.

While the commissioner's finding is simply that the defendant "had the general control of the work being done by the claimant," and not expressly that it had "the right of general control," it is apparent that the latter is implicit in the former. Since it is likewise apparent that the record amply supports the commissioner's finding that the defendant had the general control, the court did not err in overruling the defendant's contention that the plaintiff was an independent contractor and not its employee. *McAllister's Case,* 229 Mass. 193, 195, 118 N. E. 326. Nor does the fact in evidence that the defendant permitted the plaintiff to diagnose the trouble with each radio repaired and choose his own method of remedying it, so long as the work was done in the best possible way, militate against this conclusion. "The test of the relationship is the right to control. It is not the fact of actual interference with the control, but the right to interfere, that makes the difference between an independent contractor and a servant or agent." *Hartley* v. *Red Ball Transit Co.,* 344 Ill. 534, 539, 176

N. E. 751, 753. "The possession of the right of control is sufficient." 1 Campbell, Workmen's Compensation, 614, § 687; *Hall* v. *Sera,* 112 Conn. 291, 294, 152 Atl. 148; *Martin* v. *Republic Steel Co.,* 226 Ala. 209, 212, 146 So. 276, 279; *Fischer* v. *Havelock,* 134 Cal. App. 584, 588, 25 Pac. (2d) 864, 866; *Tuttle* v. *Embury-Martin Lumber Co.,* 192 Mich. 385, 399, 158 N. W. 875; *Kelley's Dependents* v. *Hoosac Lumber Co.,* 95 Vt. 50, 53, 113 Atl. 818; 28 R. C. L. 762, § 57; 42 A. L. R. 607, Anno. 609. "The relationship of employer-employee does not require the exercise of such right." Campbell, Op. Cit.; *Martin v. Republic Steel Co.,* supra; *Hillen* v. *Industrial Acc. Com.,* 199 Cal. 577, 581, 250 Pac. 570; *Greene* v. *Spinning* (Missouri) 48 S. W. (2d) 51, 57. Nor is the method utilized to determine the payment to be made for the work done of controlling significance. "A workman who is paid wages by the piece or quantity comes within the provisions of the Workmen's Compensation Act the same as one paid by the day." *Hillen* v. *Industrial Acc. Com.,* supra; Note, 38 A. L.R. 839. The right of control which the defendant had, considered in conjunction with the other facts found, is sufficient to sustain the ultimate conclusion of the commissioner that the plaintiff was an employee and not an independent contractor. *Tierney* v. *Corriea,* 120 Conn. 140, 146, 180 Atl. 282.

Section 5226 of the General Statutes provides that "no compensation shall be paid when the personal injury shall have been caused by the wilful and serious misconduct of the employee." In interpreting this provision this court has said: "Misconduct . . . is wrong or improper conduct . . . of a grave and aggravated character, and this is to be determined from its nature and not from its consequences. . . . The exposure by an employee of himself to injury

would be misconduct if he knew of and appreciated his liability to injury, and would be serious misconduct if the circumstances indicated that the misconduct, in the light of his knowledge, was of a grave and aggravated character. . . . Further, wilful misconduct must be 'either intentional misconduct, that is, such as is done purposely with knowledge, or misconduct of such a character as to evince a reckless disregard of consequences' to him who is guilty of it." *Mancini* v. *Scovill Mfg. Co.*, 98 Conn. 591, 597, 119 Atl. 897. Testing the facts found by these definitions of wilful and serious misconduct, it is apparent that the commissioner correctly concluded that they were insufficient to support the conclusion that the plaintiff had been guilty thereof. Notwithstanding the suggestion from his superior not to use the elevator because it might not be there, in view of the fact that the door normally would not open unless the elevator was within six inches of the floor, and the fact that it did open when the elevator was not there, indicating a defect in the mechanism which would not have been contemplated by the plaintiff when he opened the door, neither the appreciation of his liability to injury essential to misconduct, nor the knowledge or reckless disregard of consequences essential to wilfulness appears.

There is no error.

In this opinion the other judges concurred.