JOSEPH B. McKENNA v. THE CITY OF WATERBURY

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 17522
AT WATERBURY

Memorandum filed June 18, 1948.

William J. Secor, of Waterbury, for the Plaintiff.

George J.Crocicchia & Philip N. Bernstein, of Waterbury, for the Defendant.

QUINLAN, J. This appeal from the workmen's compensation commissioner arises from an accident sustained by a city fireman while playing volley ball on the firehouse premises, at a time when he had no specific duty to perform.

I think I have examined all the Connecticut cases on the particular point involved and if a recovery is to be had it must largely rest upon the case of *Smith* v. *Seamless Rubber Co.,* 111 Conn. 365, 368.

There our Court said:

"Where an employer merely permits an employee to perform a particular act, without direction or compulsion of any kind, the purpose and nature of the act becomes of great, often controlling significance in determining whether an injury suffered while performing it is compensable. If the act is one for the benefit of the employer or for the mutual benefit of both an injury arising out of it will usually be compensable; on the other hand, if the act being performed is for the exclusive benefit of the employee so that it is a personal privilege or is one which the employer permits the employee to undertake for the benefit of some other person or for some cause apart from his own interests, an injury arising out of it will not be compensable."

The record is the basis for determining the situation between the plaintiff and the defendant. Paragraph 7 of the finding is the only paragraph in the entire finding to throw any light upon the subject. It is extremely sketchy and the last sentence is probably the statement of a legal conclusion.

The defendant sought to have the finding corrected but the motion was refused. It is true that "even though the particular act of the employee was permitted merely, rather than required," *Kelliher* v. *New Haven Clock Co.,* 121 Conn. 528, 533, there must nevertheless be some factual foundation supporting the conclusions reached; but "a mere desire on the part of the employer in granting the privilege to create a feeling of good will

between himself and the employee does not constitute that 'interest' which" in *Smith* v. *Seamless Rubber Co.,* supra, was said to become " 'of great, often controlling significance'." *Mulligan* v. *Oakes,* 128 Conn. 488, 491. Indeed, the case of *Kuharski* v. *Bristol Brass Corporation,* 132 Conn. 563, contained some of the factors essential to the kind of claim here involved, but the commissioner set forth in some detail the factors constituting mutual benefit, and found that they constituted a mutual benefit.

It seems to the court, then, that there should be a further finding of facts, affording the defendant the benefit of the facts asked in paragraph 1 of its motion to correct and paragraph 3 thereof.

In addition thereto, further facts should be found to show whether or not the playing space was specifically provided by the defendant; whether or not it was regularly laid out and by whom; whether or not the playing equipment was provided by the city with the avowed purpose that it should be used for volley ball; whether or not the playing of volley ball was required by the city, and the failure to play carried any penalty; and, finally, whether or not the playing of the game was for the benefit of the city or for the mutual benefit of the plaintiff and the defendant or for the employee's exclusive benefit so as to be a personal privilege. Less than these facts would hardly support a just judgment in the Supreme Court, and the only case cited close to the situation here, viz., *Clark* v. *Chrysler Corporation,* 276 Mich. 24, where a private and not municipal corporation was involved, at least presumably had in the record tantamount facts and even then was decided against the claimant.

For the foregoing reasons the appeal is sustained and the case remanded to the commissioner for a further finding of facts in accordance herewith.