FRANK POULICK *v.* RADIO CITY RESTAURANT ET AL.

KING, C. J., MURPHY, ALCORN, SHANNON and HOUSE, Js.

Argued December 10, 1965—decided February 1, 1966

*Jay W. Jackson,* for the appellants (defendants).

*James F. Collins,* for the appellee (plaintiff).

King, C. J.  In this appeal from an award by the workmen's compensation commissioner in favor of the plaintiff, the defendants have abandoned any claim that the initial injury did not arise in the course of, and out of, the employment.  The issue here involves the compensability of the disability, and the ultimate amputation of the right leg, both claimed to have resulted from that injury.

On May 1, 1963, the plaintiff, a bartender, scratched his right leg below the knee on a piece of metal which was projecting from a soda case under the bar.  The injury was of a minor nature, which normally would not require, and which the plaintiff not unreasonably believed did not require, the services of a physician, and, for a period of about two

weeks, the plaintiff treated it himself with ordinary household remedies, including soap and water, ointment and band-aid dressings. The leg became inflamed, ulcerated and painful in the area of the scratch, and the plaintiff then consulted a physician. After receiving professional treatment over a period of ten days, the condition of the leg improved, and the plaintiff resumed home treatment for the next four weeks. The condition of the leg worsened, and again the plaintiff consulted his doctor. Thereafter, the plaintiff was hospitalized, and, despite further treatment there, it became necessary to amputate the leg. The commissioner found that, as a result of the original injury, the plaintiff became totally disabled on May 17, 1963, which was the day on which the condition of the leg first prompted the plaintiff to seek professional treatment.

The defendants, in their brief as their first main claim, attack, as unwarranted, the commissioner's finding of a causal relationship between the scratch and the subsequent disability and amputation of the leg.

Apart from the affirmative defense of prejudice, on which, of course, the defendants had the burden of proof, the burden was on the plaintiff to prove that the disability and amputation for which he was claiming compensation resulted from the injury. *Nagyfy* v. *Miller's Stratford Provision Co.,* 145 Conn. 726, 139 A.2d 604. The defendants claim that there was no medical testimony that the scratch definitely was the cause of the ulceration and ultimate amputation. Such testimony is not required. *LeLenko* v. *Wilson H. Lee Co.,* 128 Conn. 499, 501, 24 A.2d 253. It is enough if there is evidence from which the commissioner can properly conclude that

it is reasonably probable, or more probable than not, that the causal connection existed. Ibid.

Dr. Sebastian Giuliano, the physician who first treated the plaintiff, testified to the presence of necrotic, or gangrenous, tissue in the area of an ulceration of the plaintiff's right leg, which, according to the history, had been bumped against a soda case. In the doctor's opinion, the necessity for the amputation was the fact that the plaintiff's blood circulation was impeded and diminished by a pre-existing arteriosclerotic condition to such an extent that his body was unable to fight the injury and infection.[1] The only injury previously reported to the doctor, and therefore the one to which this testimony necessarily refers, is the scratch from the soda case. Furthermore, the plaintiff himself testified to that scratch and that he had had only that injury to either leg. Dr. E. M. Andrews, who was called into the case by Dr. Giuliano just prior to the plaintiff's hospitalization, to a considerable extent corroborated Dr. Giuliano's testimony.

The foregoing testimony fully warranted the commissioner's finding of the requisite causal connection between the original injury and the terminal result. This determination disposes of the appeal adversely to the defendants except for a brief consideration of their second main claim, as asserted in their brief.

This second claim seems to be that, both as a matter of law and as a matter of fact, the commissioner was in error in failing to find that the defendants had proved their affirmative defense that the plaintiff had prejudiced the case by not having

---

[1] Of course, this preexisting condition is no basis for a denial of compensation benefits. *Triano* v. *United States Rubber Co.*, 144 Conn. 393, 397, 132 A.2d 570.

continuous medical attention. See *Triano* v. *United States Rubber Co.*, 144 Conn. 393, 396, 132 A.2d 570.

The defendants have confused the issue by their use of the term "prejudice" without referring in their brief or elsewhere to any section of the Workmen's Compensation Act on which this claim is based. Indeed, their lack of specificity is such that the claim really does not merit discussion. The term "prejudice" does occur in two separated portions of General Statutes § 31-294. In the first portion, "prejudice" is used in reference to lack of notice, to an employer, of an employee's injury. That is not claimed here, nor does the record contain any evidence of such lack of notice. Therefore, that portion of the statute has no application.

In the second portion of § 31-294, the word "prejudice" is used in reference to a defect or inaccuracy in a notice of a claim for compensation. The record contains no evidence, nor is there any claim, that a defective or inaccurate notice of claim for compensation was given. Indeed, there is nothing to indicate that the employer "was ignorant of the facts concerning such personal injury and was prejudiced by the defect or inaccuracy of such notice," as provided by the statute. See *Schmidt* v. *O. K. Baking Co.*, 90 Conn. 217, 224, 96 A. 963.

The defendants made no claim, nor does the record indicate any basis for a claim, of wilful and serious misconduct under General Statutes § 31-284. *Caraher* v. *Sears, Roebuck & Co.*, 124 Conn. 409, 414, 200 A. 324; see also *Rainey* v. *Tunnel Coal Co.*, 93 Conn. 90, 92, 105 A. 333.

The defendants have wholly failed to prove "prejudice" as a matter of law under any theory. Nor is there anything in the medical testimony or else-

where to require a change in the commissioner's finding that the defendants had not proven their claim of prejudice as a matter of fact.

There is no error.

In this opinion the other judges concurred.