LAURA LIPTAK *v.* STATE OF CONNECTICUT

COTTER, C. J., LOISELLE, BOGDANSKI, LONGO and PETERS, Js.

Argued November 9—decision released December 12, 1978

*William J. Friedeberg,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant-appellee (defendant).

*Richard T. Meehan, Jr.,* with whom was *Richard T. Meehan,* for the appellee-appellant (plaintiff).

PER CURIAM. This appeal is from the finding and award of the workmen's compensation commissioner

for the seventh district awarding the plaintiff certain workmen's compensation benefits because of the death of her husband, found to have arisen out of and in the course of his employment with the defendant employer. The Court of Common Pleas dismissed the appeal. From that judgment, the defendant, the state of Connecticut, has appealed to this court. The plaintiff, Laura Liptak, has cross appealed.

The issue on the defendant's appeal is whether the commissioner's finding and award were correct in light of the state's defenses of wilful misconduct and intoxication. The plaintiff's claim was based on injuries received by her husband, Raymond J. Liptak, in a fatal one-car accident that concededly occurred while the decedent was on state business. The accident occurred on route I-95 in the town of Darien when Liptak failed to negotiate a curve on the highway. His car struck the median divider and turned over onto its roof; he was pronounced dead at the scene of the accident by the state medical examiner. The state's allegations of wilful and serious misconduct and intoxication were both based on a blood sample taken from the decedent which subsequently showed 0.14 percent alcohol in his blood. The commissioner found that Liptak's injury arose out of and in the course of his employment, and refused to amend his findings to incorporate any further conclusions whatsoever about the cause of the accident.

The state's defenses derive from § 31-284 (a) of the General Statutes which provides in part that "compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intox-

ication."[1] The allegations of wilful and serious misconduct or intoxication raise affirmative defenses on which the defendant bears the burden of proof; *Kovacs* v. *Manning, Maxwell & Moore,* 106 Conn. 250, 253, 137 A. 761 (1927); *Bendett* v. *Mohican Co.,* 98 Conn. 544, 120 A. 148 (1923); *Gonier* v. *Chase Companies,* 97 Conn. 46, 58, 115 A. 677 (1921); and see *Glenn* v. *Stop & Shop, Inc.,* 168 Conn. 413, 420, 362 A.2d 512 (1975), and *Poulick* v. *Radio City Restaurant,* 153 Conn. 410, 413–15, 216 A.2d 831 (1966), imposing a similar burden of proof on the employer for other affirmative defenses. The employer asserting such a defense must show not only the misconduct itself but also that the injury was caused by the misconduct. Davis, "Workmen's Compensation in Connecticut—The Necessary Work Connection," 7 Conn. L. Rev. 199, 231–33 (1975).

The evidence adduced before the commissioner contained very little of probative value to establish the cause of the accident. The state trooper who investigated the accident testified that there was "a good chance" that the alcohol "could have had an effect"; the state medical examiner stated that

---

[1] "[General Statutes] Sec. 31-284. BASIC RIGHTS AND LIABILITIES. (a) An employer shall not be liable to any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained, but an employer shall secure compensation for his employees as follows, except that compensation shall not be paid when the personal injury has been caused by the wilful and serious misconduct of the injured employee or by his intoxication. All rights and claims between employer and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment as aforesaid are abolished other than rights and claims given by this chapter, provided nothing herein shall prohibit any employee from securing, by agreement with his employer, additional benefits from his employer for such injury or from enforcing such agreement for additional benefits."

it was a "borderline case." In light of the sparsity of this testimony, we cannot say that the commissioner acted unreasonably in refusing to find that the state had carried its burden of demonstrating that, as a matter of fact, the injury was "caused by . . . wilful and serious misconduct . . . or by . . . intoxication," as § 31-284 (a) requires. *True* v. *Longchamps, Inc.,* 171 Conn. 476, 479, 370 A.2d 1018 (1976); *Glenn* v. *Stop & Shop, Inc.,* supra, 419; *Gonier* v. *Chase Companies,* supra, 58; see General Statutes § 4-183 (g).

The trial court was therefore correct in its determination that the record supported the findings of the commissioner, and that his conclusions were not inconsistent with the facts found or the applicable law. In view of this resolution of the defendant's appeal, we need not consider the plaintiff's cross appeal which sought dismissal of the defendant's appeal for alleged procedural irregularities.

There is no error.