[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS MOTION FOR SUMMARY JUDGMENT ON SECOND COUNT
This is an action for personal injuries in two counts, the second count directed to defendants John and Sarah Ciesla who now move for summary judgment. The second count of the revised complaint to the claims that the defendants Cieslas hired defendant Finn to repair the roof of their two-story home. After beginning work on the roof, Finn invited the plaintiff, Reed Perkett, onto Cieslas' roof to observe the work being done. Finn climbed the ladder and stepped onto a plank he had secured to the roof. When the plaintiff reached the top of the ladder, he placed his foot upon the plank which came loose causing him to fall to the ground and sustain multiple injuries. Plaintiff alleges that his injuries and losses were caused by the negligence and carelessness of the defendant Cieslas in failing to adequately supervise and control the actions of Finn and in failing to warn the plaintiff of the dangerous and defective condition on their premises. Both parties have filed memoranda of laws and affidavits supporting their positions. CT Page 2973
A motion for summary judgment is the proper method of resolving litigation "if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connecticut National Bank v. Great Neck Development Co., 215 Conn. 143, 148, 574 A.2d 1298
(1990). The burden is on the movant to show "`that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact.' (Citations omitted)." D.H.R. Construction Co. v. Donnelly,180 Conn. 430, 434, 429 A.2d 908 (1980).
In support of their motion for summary judgment, defendants claim (1) that Finn was an independent contractor and as a matter of law they cannot be liable to the plaintiff; and (2) that the defendants did not breach a duty of care by failing to warn the plaintiff of a dangerous condition on the premises.
"Where the owner of premises employs an independent contractor to perform the work upon them, the contractor, and not the owner, is liable for any losses resulting from [the contractor's] negligence . . . ." Wright v. Coe v. Anderson, Inc., 156 Conn. 145, 151, 239 A.2d 493 (1968). The test used to determine if an individual is an independent contractor is whether the employer had authority to direct what is done and how it is to be done; that is, who is in control? Kalizewski v. Weathermaster Alsco Corporation, 148 Conn. 624,629, 173 A.2d 497 (1961).
 Where the evidence on the question as to who had control of the area or instrumentality causing the injury is such that the mind of a fair and reasonable man could reach but one conclusion as to the identity of the person exercising control, the question is one for the court, but, if honest and reasonable men could fairly reach different conclusions on the question, the issue should properly go to the jury.
Wright, supra, 151.
Neither the pleadings nor the affidavits are sufficiently persuasive as to the questions of control or the status of Finn as an independent contractor. We are not convinced that "honest and reasonable men" could not reach different conclusions as to these points and that, therefore, there exists a genuine issue of material fact.
Since our conclusion is dispositive of defendants' CT Page 2974 motion for summary judgment, we need not consider defendants' second ground asserting that there was no breach of duty for failure to warn the plaintiff of a dangerous condition.
Motion for Summary Judgment Denied.
WAGNER, JUDGE