[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, Mario Pac, commenced this action against the defendants, Town of Southington (Southington), Water Works CT Page 5252-JJJJ Department (Water Works), Anthony Tranquillo (Tranquillo), and A-N Consulting Engineers, Inc. (A-N), to recover damages for personal injuries allegedly sustained when a trench in which the plaintiff was working collapsed. The plaintiff filed an eight count amended complaint against the defendants. The first count alleges negligence on the part of the defendant Water Works Department. The second and third counts are directed against the defendants Southington and Tranquillo, and allege negligence and recklessness, respectively. The fourth count alleges negligence on the part of defendant A-N. The remaining four counts allege loss of consortium based on the allegations of the first four counts. The defendants Southington, Tranquillo and Water Works now move for summary judgment as to the first, second, third, fifth, sixth and seventh counts of the plaintiffs' complaint.
The third amended complaint alleges that in October 1993, the plaintiff was working as a mason in an excavation trench as part of the installation of a water line on Sabina Drive in Southington, Connecticut when the sides of the trench collapsed on the plaintiff, thereby crushing his right leg against the piping. The plaintiff alleges that the defendants Town of Southington, Water Works and Tranquillo were negligent and/or reckless in allowing the installation of the water line when they knew or should have known that the conditions at the site were likely to result in injury to persons working on the job.
The defendants Southington, Tranquillo and Water Works move for summary judgment on the grounds that they had no duty to the plaintiff. The defendants filed a memorandum of law in support of their motion and uncertified copies of deposition transcripts in support of their position. The defendants also filed a supplemental memorandum in reply to the plaintiffs' opposition brief. The documents offered in support of the supplemental brief included uncertified deposition transcripts as well as the affidavit of Gilbert Bligh, the superintendent of the defendant Water Works. The plaintiffs filed a memorandum in opposition to the defendants motion for summary judgment. Attached to the memorandum were several documents consisting of uncertified copies of deposition transcripts and the affidavit of the plaintiff, Mario Pac.
The standard for considering a motion for summary judgment is well established. "Pursuant to Practice Book § 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue CT Page 5252-KKKK as to any material fact and that the moving party is entitled to judgment as a matter of law. The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted; internal quotation marks omitted.) Suarez v. DickmontPlastics Corp., 229 Conn. 99, 105-06, 639 A.2d 507 (1994). "[A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." Miller v. UnitedTechnologies Corp., 233 Conn. 732, 752, 660 A.2d 810 (1995). "In evaluating the propriety of a summary judgment, we are confined to an examination of the pleadings and affidavits of the parties to determine whether (1) there is no genuine issue as to any material fact, and (2) the moving party is entitled to judgment as a matter of law." Id., 745.
Deposition testimony submitted in support of a summary judgment motion must be certified. Practice Book Sec. 380;Oberdick v. Allendale Mut. Ins. Co., 9 Conn. L. Rptr. 178 (May 27, 1993; Celotto, J.). Copies of uncertified and unauthenticated deposition testimony may not be used in deciding a motion for summary judgement. Gough v. Town of Fairfield, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 252475 (July 9, 1992, Lewis J., 7 Conn. L. Rptr. 50).
On a summary judgment motion, however, even certified deposition testimony has limited evidentiary value for the court. In concluding that deposition testimony is insufficient for the purposes of a motion for summary judgment, the court in Espositov. Wethered, 4 Conn. App. 641, 645, 496 A.2d 222 (1985) stated: "The primary purpose of a deposition . . . is discovery . . . Responses to interrogatories are not judicial admissions in a pleading or in open court. . . . A response to a question propounded in a deposition is not a judicial admission. General Statutes § 52-200. At trial, in open court, the testimony of . . . [the deponent] may contradict her earlier statements and a question for the jury to decide may then emerge. . . . (Internal citations omitted.) Id. In Oberdick v. Allendale MutualIns., supra, 344, the court stated that certified deposition CT Page 5252-LLLL testimony is insufficient to support or oppose a motion-for summary judgment. The court noted that depositions are "ordinarily used for impeachment purposes; Practice Book Sec. 248 (1)(a); and are admitted into evidence only `so far as admissible under the rules of evidence' in certain limited circumstances. Practice Book Sec. 248(1)(b) and (d)." Id. Additionally, the scope of inquiry at a discovery deposition exceeds the boundaries of admissible evidence. Id., citing Sanderson v. Steve SnyderEnterprises, Inc., 196 Conn. 134, 139, 491 A.2d 797 (1980).
In the present case, most of the documentation offered in support of the motion is in the form of deposition transcripts that are uncertified. Even if the parties attempted to amend this oversight, the court could not rely on certified transcripts in this case because what is offered by both sides is presented in a vacuum and obviously missing the next sentence that would defeat the respective arguments.
Despite the evidentiary shortcomings, the court will briefly discuss the merits of the motion before it. The defendants argued that they owed no duty to the plaintiff, as the employee of an independent contractor. They rely on the case of Ray v.Schneider, 16 Conn. App. 660, 548 A.2d 461 (1988) in which the appellate court held that "an employer of an independent contractor may not be vicariously liable to the contractor's employees for an injury caused in the performance of inherently dangerous work on account of the contractor's failure to take the necessary safety precautions, or because the employer had a nondelegable duty to provide a safe workplace." Additionally, theRay court also held that the direct "liability of the employer for physical harm to `third persons' under the negligent hiring doctrine does not apply where injuries are sustained by an employee of the contractor as opposed to the general public." Id., 672.
The Ray court reasoned that "the imposition of liability would subject the employer of an independent contractor to greater liability than he would have had if he had used his own employees on the job." Id., 668. The court also stated that "[e]mployees of an employer should not be limited to workers' compensation benefits while permitting employees of an independent contractor to recover not only workers' compensation benefits, but also to recover damages in tort from an employer of an independent contractor." Id., 669. CT Page 5252-MMMM
The test used to determine if an employer is an independent contractor is whether the employer had authority to direct what is done and how it is to be done; that is, who is in control?Kalizewski v. Weathermaster Alsco Corporation, 148 Conn. 624,629, 173 A.2d 497 (1961). "The word `control' has no legal or technical meaning distinct from that given in its popular acceptation . . . and refers to the power or authority to manage, superintend, direct or oversee." (Citations omitted.) Panaroni v.Johnson, 158 Conn. 92, 98, 256 A.2d 246 (1969). Generally, the issue of control is an issue of fact. Id.
The defendants have have failed to show that "it is quite clear what the truth is . . . exclud[ing] any real doubt as to the existence of any genuine issue of material fact." Fogartyv. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984). The affidavits submitted by the defendant Water Works and the affidavit of the plaintiff are completely at odds on the issue of whether the plaintiff was an independent contractor such that control would be in the hands of the plaintiff's employer. Thus, there remains a genuine issue of material fact as to which party controlled the work area where and when Pac was injured.
The argument of the defendants in this case is premised on the assertion that the plaintiff was employed by an independent contractor. In Ray there was no dispute as to whether the employer was an independent contractor. In the present case, the affidavits set forth facts which call into question the issue of whether the plaintiff's employer, Mastrobattisto, Inc., was an independent contractor. Assuming arguendo that the deposition transcripts submitted by the parties were sufficient, the transcripts also raise genuine issues of material fact with respect to the control issue and thus the ultimate issue of whether the employer was an independent contractor.
Evidence that is inadmissible at trial is not sufficient evidence on a summary judgment motion; Farrell v. Farrell,182 Conn. 34, 39, 438 A.2d 415 (1980); and, thus, the court cannot consider the deposition testimony submitted by the parties. The party moving for summary judgment is held to a strict standard of demonstrating its entitlement to summary judgment. Kakadelis v.DeFabritis, 191 Conn. 276, 282, 464 A.2d 57 (1983). "To satisfy this burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Plouffe v. NewYork. N.H. H.R. Co., 160 Conn. 482, 488, 280 A.2d 359 (1971). CT Page 5252-NNNN The defendant has failed to meet this burden, because it has not presented sufficient evidence for the court to consider on this motion and the evidence submitted fails to demonstrate the absence of material issues of fact. The documentary evidence submitted by the parties, including the deposition transcripts, indicates that genuine issues of material fact exist with respect to the following issues: (1) whether the defendants retained control of the work site; and (2) whether the defendants had a duty to supervise the work of Mastrobattisto Inc.'s employees. Accordingly, the defendants' motion for summary judgment is denied.
PICKETT, J.