[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The motion for summary judgment pending before the court concerns the issue of the extent to which a person who leaves their car for repairs at an automobile repair shop may be held liable when an employee of the repair shop negligently operates the motor vehicle and injures a third party.
For purposes of the motion for summary judgment, it is undisputed that on or about February 9, 1996, the defendant Richard Hodgson dropped his car off at Village Autobody for the purpose of obtaining repairs.[1] Hodgson handed his car keys to Tommy Howell, the owner Village Autobody, pursuant to Howell's instructions. According to Hodgson's affidavit, at all time thereafter, his automobile remained in the exclusive possession and control of Village Autobody. During the evening of February 9, 1996, the plaintiffs allege that the defendant Matthew Howell, the son of the owner of Village Autobody and an employee of the repair shop,[2] was operating the motor vehicle owned by the defendant Richard Hodgson and negligently and recklessly caused an accident that resulted in injuries to the plaintiffs.
The defendant Richard Hodgson has filed a motion for summary judgment asserting that he is entitled to summary judgment because, as a matter of law, he owed no duty to the plaintiffs nor did he breach a duty to the plaintiffs.[3] The plaintiffs object to the motion for summary judgment on the grounds that the defendant Matthew Howell, as the operator of the motor vehicle, is presumed under General Statutes § 52-183 to be the agent of the defendant Richard Hodgson, the owner of the motor vehicle, and the complaint alleges that Hodgson was himself negligent by CT Page 13761 allowing his keys to remain with the vehicle and by failing to expressly limit the use of the vehicle.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .Scrapchansky v. Plainfield, 226 Conn. 446, 450 (1993). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather, to determine whether an such issues exist. Cortes v. Cotton, 31 Conn. App. 569, 575
(1993). [I]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Johnson v. Meehan, 225 Conn. 528, 535
(1993). Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578 (1990)." (Internal quotation marks omitted.)Warner v. Lancia, 46 Conn. App. 150, 158 (1997).
The plaintiffs claim that, pursuant to General Statutes §52-183, the defendant Matthew Howell must be presumed to be the agent of the defendant Richard Hodgson and operating in the course of his employment by him. General Statutes § 52-183
provides that "in any civil action brought against the owner of a motor vehicle to recover damages for the negligent or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, shall be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment. The defendant shall have the burden of rebutting the presumption." Although § 52-183 creates a rebuttable presumption of agency, "the presumption ceases to operate when the trier finds proven facts which fairly put in issue the question, and the burden of proving that the car was operated by an agent of the owner then rests upon the plaintiff." (Quotation marks and internal citations omitted.) Felsted v.Kimberly Auto Services, Inc., 25 Conn. App. 665, 670 (1991).
In this case, the presumption has been rebutted by the affidavit of the defendant Richard Hodgson that he left his car with Village Autobody for the purpose of repairs and that Village Autobody at the time of the alleged incident had exclusive possession and control of the car. His affidavit, which is the only affidavit filed by either party with respect to the motion CT Page 13762 for summary judgment, establishes that Village Autobody was an independent contractor and not a servant of Hodgson. The distinction is an important one because under long-standing legal principles the defendant Richard Hodgson is only liable for careless acts of his servants, not for negligent acts of independent contractors.
Whether an individual is a servant or an independent contractor depends upon the principal's degree of control of the performance of the services. "The controlling consideration in the determination whether the relationship of master and servant exists or that of independent contractor exists is: Has the employer the general authority to direct what shall be done and when and how it shall be done — the right of general control of the work?" (Citation omitted.) Kaliszewski v. Weathermaster AlscoCorp. , 148 Conn. 624, 629 (1961). "An independent contractor is one who, exercising an independent employment, contracts to do a piece of work according to his own methods and without being subject to the control of his employer, except as to the result of his work." Alexander v. Sherman's Sons Co., 86 Conn. 292, 297
(1912). See also Restatement (Second), Agency § 2.
Section 220 of the Restatement (Second) lists the factors that should be considered in determining whether one is acting for another as a servant or an independent contractor. A review of these factors in light of the affidavit filed by the defendant Richard Hodgson and its reasonable and logical inferences demonstrates that Village Autobody was an independent contractor. See United Oil Co. v. Urban Redevelopment Commission,158 Conn. 364, 381 (1969) (The court may consider not only the facts presented by the parties' affidavits, but also "the inferences which could be reasonably and logically drawn from them. . . .") Hodgson left his car at the repair shop and exercised no control over the details of the work. Village Autobody, as evidenced by its name, is engaged in a distinct business, one in which the work is usually performed by a specialist with particular skill and without supervision, and in which the workman supplies the tools and the place of work. All of the facts contained in the affidavit of the defendant Richard Hodgson together with their reasonable inferences establish that Village Autobody was an independent contractor because Hodgson did not have the right to control the physical conduct of Village Autobody in the performance of the repair work. See Restatement (Second) § 2. See also Kaliszewski v. Weathermaster Alsco Corp. , supra,148 Conn. 629. There is no genuine issue of material fact on this CT Page 13763 point since the plaintiffs have submitted no contrary affidavits indicating otherwise.
For more than seventy-five years, the law in this state has been that a person who employs an independent contractor is generally not liable to others for injuries resulting from the negligent acts of the contractor. Alexander v. Sherman's SonsCo., supra, 86 Conn. 297. "As a general rule, the contractee or proprietor is not liable, for injuries caused by an independent contractor or his servants, to anyone." Douglass v. Peck LinesCo., 89 Conn. 622, 627 (1915). See also Ray v. Schneider,16 Conn. App. 660, 663 (1988). Since Village Autobody was an independent contractor, the defendant Richard Hodgson is not liable for the negligent or reckless acts of Village Autobody or its employees.
The plaintiffs further claim that the defendant Richard Hodgson was himself negligent and that his negligence caused them injury. Specifically, the plaintiffs assert that Hodgson was negligent by allowing his keys to remain with the vehicle and by failing to expressly limit the use of the vehicle when he left it for repairs with Village Autobody. The defendant Richard Hodgson responds that he is entitled to summary judgment as a matter of law because he owed no duty to the plaintiffs.
"The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. We have stated that the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case. The first part of the test invokes the question of foreseeability, and the second part invokes the question of policy." (Internal quotation marks and citations omitted.) Mendillo v. Board of Education,246 Conn. 456, 483 (1998).
Assuming that the plaintiffs can show that the defendant Hodgson was negligent in leaving his keys with Village Autobody or in not limiting the use of his car, the initial question is CT Page 13764 whether it was foreseeable to an ordinary person in the defendant's position that harm of the general nature suffered by the plaintiffs was likely to result from his conduct. It was not foreseeable that leaving one's car with its keys at an automobile repair shop for the car to be repaired was likely to result in an employee of that repair shop negligently driving the car and causing an accident resulting in injuries to others.
Since it was certainly possible for such an accident to occur, one can argue that the accident was literally "foreseeable." But "the law has rejected a literal "foreseeability' test as the fulcrum of duty. The conclusion that a particular injury to a particular plaintiff or class of plaintiffs possibly is foreseeable does not, in itself, create a duty of care." Lodge v. Arett Sales Corporation, 246 Conn. 563,576 (1998).
The test is whether the harm was a "reasonably foreseeable" consequence of the defendant's conduct. Id. at 574-575. "It is a well-established tenet of our tort jurisprudence that due care does not require that one guard against eventualities which at best are too remote to be reasonably foreseeable. A defendant is not required to take precautions against hazards that are too remote to be reasonably foreseeable." (Citations and internal quotation marks omitted.) Id. at 575. (Citing Palsgraf v. LongIsland R. Co., 248 N.Y. 339, 345, 162 N.E. 99 (1928)).
One would not reasonably expect that by dropping one's car off at an autobody shop a third party operating their own car would be injured on the roadway. Imposing liability on this defendant for a harm that he reasonably could not be expected to anticipate and over which he had no control would serve no legitimate objective of the law. See Lodge v. Arett SalesCorporation, supra, 246 Conn. 578.
Policy considerations also counsel against the establishment of a duty under the particular circumstances of this case. "[T]he fundamental policy purposes of the tort compensation system [are] compensation of innocent parties, shifting the loss to responsible parties or distributing it among appropriate entities, and deterrence of wrongful conduct. . . ." Mendillo v.Board of Education, supra, 246 Conn. 482. The policy purpose of shifting the loss to responsible parties would not be advanced by holding the defendant Hodgson liable here because it has already been determined that his conduct was too remote and attenuated to CT Page 13765 the harm that befell the plaintiffs to appropriately view him as a responsible party.
In addition, imposing liability on the defendant Hodgson would do little, if anything, to prevent the type of harm that occurred. Anyone who drops his or her motor vehicle off for repair at a repair shop must of necessity leave the keys with the car. Limiting the use of the vehicle such as by directing the employees of the repair shop not to drive the car on the roadway is also not feasible since the car must often be tested on the road, both to determine the nature of the problem and to ensure that the repairs have been successful. There are no practical alternatives that a person with a car in need of repair has to guarantee that an employee of the repair business does not negligently drive the car and injure a third party.
It should be noted that the granting of summary judgment in favor of the defendant Hodgson does not leave the plaintiffs without a remedy for their alleged wrong. Their action claiming negligence and recklessness will continue against the defendant Howell.
The defendant Hodgson's motion for summary judgment is hereby granted.
BY THE COURT
Judge Jon M. Alander