[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The issue presented by the instant motion for summary judgment concerns whether the defendant was the plaintiff's employer for purposes of the Workers' Compensation Act and thereby entitled to the act's protection from tort suits by employees for work related injuries.
The plaintiff initiated the subject action against the defendant seeking damages for personal injuries arising out of an incident occurring on January 7, 1997. The plaintiff alleges he was operating a tractor-trailer truck owned by the defendant when the chassis of the tractor snapped causing him serious injury.
The defendant has moved for summary judgment claiming that there is no genuine issue of material fact precluding summary judgment in its favor. Specifically, the defendant asserts that it is immune from liability under the exclusive remedy provision of the Workers' Compensation Act, General Statutes § 31-284(a), because the plaintiff's injuries arose out of and in the course of his employment with the defendant. The plaintiff contends that he was employed by a third party, Staffing Concepts Inc. ("Staffing"), not the defendant, and there exists a genuine issue of material fact as to whether or not the defendant was the plaintiff's employer. For the foregoing reasons, the court agrees with the defendant.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . Scrapchansky v. Plainfield,
CT Page 7885226 Conn. 446, 450 (1993). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather, to determine whether any such issues exist. Cortes v. Cotton,31 Conn. App. 569, 575 (1993). [I]n deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving. . . . Johnson v. Meehan, 225 Conn. 528, 535 (1993). Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . Hammer v. Lumberman'sMutual Casualty Co., 214 Conn. 573, 578 (1990)." (Internal quotation marks omitted.) Warner v. Lancia, 46 Conn. App. 150, 158 (1997).
"Connecticut first adopted a statutory scheme of workers' compensation in 1913. The purpose of the Workers' Compensation Act [act]; General Statutes § 31-275 et seq.; is to provide compensation for injuries arising out of and in the course of employment, regardless of fault. Under the statute, the employee surrenders his right to bring a common law action against the employer, thereby limiting the employer's liability to the statutory amount. In return, the employee is compensated for his or her losses without having to prove liability. In a word, these statutes compromise an employee's right to a common law tort action for work related injuries in return for relatively quick and certain compensation." (Citations and internal quotation marks omitted.) Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 381 (1997). It is well settled that the act is to be construed broadly in order to serve its remedial purpose. Doe v. Yale University, 252 Conn. 641, 671 (2000).
General Statutes § 31-284(a) expressly provides in relevant part: "An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment. . . ." It is uncontested that the plaintiff sustained injuries arising out of and in the course of his employment.[1] The parties dispute whether the defendant is properly deemed an employer under the act and thereby sheltered from liability for employment related personal injuries.
The statutory language governing who may be deemed an employer for workers' compensation purposes is expansive. See Doe v. Yale University,
supra, 252 Conn. 669. "To further its purposes, the language of the act is not that of restriction or limitation, but all-embracing. It applies to all contracts of employment, and this was intended to mean by whomsoever made." (Internal quotation marks omitted.) Id., 674. Section31-275 (10) includes within its ambit "any person, corporation, limited liability company, firm, partnership, voluntary association, joint stock association, the state and any public corporation within the state using CT Page 7886 the services of one or more employees for pay, or the legal representative of any such employer. . . ."
Whether the defendant is an employer under the act is determined by the defendant's degree of control over the plaintiff. "The `right to control' test determines the relationship between a worker and a putative employer by asking whether the putative employer has the right to control the means and methods used by the worker in the performance of his or her job. The test of the relationship is the right to control. It is not the fact of actual interference with the control, but the right to interfere, that makes the difference between an independent contractor and a servant or agent." (Citations and internal quotation marks omitted.) Doe v. YaleUniversity, supra, 252 Conn. 680-681. "The decisive test is who has the right to direct what shall be done . . . and how it shall be done? Who has . . . the general control? One is an employee of another when he renders service for him and what he agrees to do, or is directed to do, is subject to the will of that other in the mode and manner in which the service is to be done and in the means to be employed in its accomplishment as well as in the result to be attained." (Citations and internal quotation marks omitted.) Lassen v. Stamford Transit Co.,102 Conn. 76, 80 (1925). See also Kaliszewski v. Weathermaster AlscoCorporation, 148 Conn. 624, 629 (1961).
The undisputed facts of this case indicate that the defendant possessed the right of general control over the services of the plaintiff. The affidavits submitted by the defendant in support of its motion for summary judgment established the following facts. The defendant is a corporation engaged in the business of interstate trucking. The plaintiff first became employed by the defendant as a truck driver on August 23, 1996. Each morning, the plaintiff reported to a dispatcher and operations manager located at the defendant's premises in New Haven, picked up the key to a truck owned by the defendant, obtained a bill of lading prepared by the defendant, and was given toll money. On a daily basis, from the date of his hire up to and including the date of the accident on January 7, 1997, the defendant determined the vehicle the plaintiff drove, the deliveries and pickups the plaintiff made, the time of the deliveries and pickups, the loads the plaintiff drove, and the plaintiffs pay for each load. At the time of the accident, the plaintiff was operating a tractor trailer truck owned by the defendant. These facts establish that the defendant had the right to control what shall be done, when it shall be done and how it shall be done, that is the means and methods of the work of the plaintiff.
The plaintiff does not dispute any of the facts set forth in the defendants' affidavits. Rather, the plaintiff claims that his employment status changed as a result of an agreement for services entered into by CT Page 7887 the defendant with Staffing on December 27, 1996, less than two weeks prior to the accident. The plaintiff asserts that, pursuant to that agreement, Staffing became the plaintiff's employer with the right to control his work. The plaintiff relies on language in the contract which provides that Staffing, after consultation with and participation from the defendant shall have "all rights of an employer including a right of control" over the plaintiff.[2] The service agreement, read in its entirety, does not support the plaintiff's position that Staffing replaced the defendant as the plaintiff's employer.
The agreement for services between the defendant and Staffing dated December 27, 1996 provides that Staffing will furnish "professional employer services" to the defendant. These services are specifically described in the contract and are limited to the areas of payroll administration, benefits administration, workers' compensation administration, and human resources administration. The agreement expressly states that: "Staffing is strictly in the business of managing certain aspects of human resources for [the defendant] and has no involvement, directly or indirectly, in any other business decisions of [the defendant]. [The defendant] retains sole discretion and responsibility for all other activities of the business which includes running day to day operations."
It is crystal clear from the contract between the defendant and Staffing that the defendant simply hired Staffing to manage the personnel or human resource aspects of its business. The language that Staffing possesses all the rights of an employer including a right of control must be read in this context. The agreement merely bestows upon Staffing the right to manage the defendant's employees in those areas in which Staffing has been given responsibility.
The plaintiff further contends that the facts surrounding the administration of his workers' compensation claim supports his view that Staffing was his employer. For example, the documents filed in connection with his workers' compensation claim, including those filed by the employer and those issued by the Workers' Compensation Commission, list Staffing as the plaintiff's employer. The Agreement and Petition to Compromise and Order which settled the plaintiff's workers' compensation claim was signed by Staffing as the employer and states that the plaintiff was employed by Staffing.
As noted previously, the Workers' Compensation Act defines "employer" to include the "legal representative" of any employer. General Statutes § 31-275(10). The agreement for services between the defendant and Staffing provides that Staffing will be responsible for workers' compensation administration, including administering claims. In CT Page 7888 accordance with their agreement, Staffing was merely acting on behalf of the defendant in handling the plaintiff's workers' compensation claim.
Finally, the plaintiff asserts that there exists a genuine factual dispute as to whether Staffing had the right to control the means and methods of the plaintiff's work, thereby transforming Staffing into the plaintiff's employer. Although the question of control is often one of fact, there are circumstances when the status of an individual is clear as a matter of law. See Spring v. Constantino, 168 Conn. 563, 574 (1975). "Where the evidence is such that the minds of fair and reasonable persons could reach but one conclusion as to the identity of the person exercising control, the question is one for the court but, if honest and reasonable persons could fairly reach different conclusions on the question, then the issue should properly go to the jury for their determination." Darling v. Burrone Bros., Inc., 162 Conn. 187, 192
(1972). In this case, the only conclusion that could be reached by a reasonable fact finder is that the defendant was the plaintiff's employer.
In light of the above, the defendant has shown that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Accordingly, the defendant's motion for summary judgment is hereby granted.
Judge Jon M. Alander